OPINION *Page 2 
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Defendant-Appellant, Eric Brenton, appeals the judgment of the Paulding County Court of Common Pleas, denying his motion to vacate his sentence under Civ.R. 60(B)(5). On appeal, Brenton asserts that his sentence is unconstitutional, void, and must be vacated; that he was denied effective assistance of trial counsel; and, that the trial court erred by applying the post-conviction petition requirements. Finding that Brenton's motion was untimely and that he was not denied effective assistance of counsel, we affirm the judgment of the trial court.
 {¶ 3} In July 2000, the Paulding County Grand Jury indicted Brenton for one count of aggravated burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree; one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree; one count of burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree; and, one count of possessing criminal tools in violation of R.C. 2923.24, a felony of the fifth degree. Subsequently, Brenton pled not guilty to all four counts of the indictment. *Page 3 
 {¶ 4} In August 2000, Brenton withdrew his not guilty plea and entered a negotiated plea of no contest to the aggravated burglary and burglary counts in exchange for a dismissal of the remaining two counts of the indictment.
 {¶ 5} In September 2000, the trial court found Brenton guilty of both the aggravated burglary and burglary counts and sentenced him to an eight-year prison term for the aggravated burglary count and to a six-year prison term for the burglary count, to be served consecutively. In doing so, the trial court found that a concurrent term would "not adequately reflect the seriousness" of Brenton's conduct and that consecutive prison terms were needed to protect the public. (Journal Entry of Sentencing, pp. 2-3). Additionally, the trial court imposed a mandatory five-year term of post-release control and ordered Brenton to pay costs.
 {¶ 6} In December 2000, Brenton filed a notice of appeal. However, Brenton failed to file an appellate brief or demonstrate extraordinary circumstances warranting the substantial delay and failure to prosecute his appeal, and this Court dismissed his appeal for want of prosecution. (July 18, 2001 Journal Entry).
 {¶ 7} On June 19, 2006, Brenton moved to vacate his sentence as void under Civ.R. 60(B)(5).
 {¶ 8} On June 20, 2006, the trial court denied Brenton's motion to vacate his sentence, finding that the motion was untimely and that the Ohio Supreme *Page 4 
Court in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, only held those portions of Ohio's statutory sentencing scheme requiring judicial fact finding to be unconstitutional, not the sentencing scheme in its entirety.
 {¶ 9} It is from this judgment that Brenton appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I
APPELLANT'S SENTENCE IS UNCONSTITUTIONAL UNDER THE OHIO ANDUNITED STATES CONSTITUTION PURSUANT TO APPRENDI V. NEW JERSEY,AND BLAKELY v. WASHINGTON.
 Assignment of Error No. II
APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF TRIALCOUNSEL PURSUANT TO STRICKLAND v. WASHINGTON WHEN COUNSEL FAILEDTO RAISE AT SENTENCING THE CONSTITUTIONALITY OF OHIO SENTENCINGSTATUTE PURSUANT TO APPRENDI v. NEW JERSEY.
 Assignment of Error No. III
IS IT ERROR WHEN A TRIAL COURT DENY (SIC.) A CIVIL RULE60(B)(5) MOTION INCORPORATED INTO CRIMINAL PROCEDURE BYCRIM.R. 57(B) TO CORRECT A VOID SENTENCING ORDER PURSUANTSTATE v. BEASLEY (SIC.), AS DETERMINED BY STATE v. FOSTER.
 {¶ 10} Due to the nature of Brenton's assignments of error, we elect to address them out of order and the first and third assignments of error together.
 Assignments of Error Nos. I and III *Page 5 {¶ 11} In his first assignment of error, Brenton contends that his sentence is unconstitutional under the Ohio and United States Constitutions pursuant to Apprendi v. New Jersey (2000), 530 U.S. 466,Blakely v. Washington (2004), 542 U.S. 296, and U.S. v. Booker (2005),543 U.S. 220, as interpreted by State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. Specifically, Brenton asserts that the trial court engaged in judicial fact finding under R.C. 2929.14(B) and R.C.2929.14(E)(4), both of which the Court in Foster deemed unconstitutional. Thus, Brenton argues, his sentence is void and must be vacated.
 {¶ 12} Likewise, in his third assignment of error, Brenton contends that his sentence is illegal and void under Foster and, therefore, must be vacated under State v. Beasley (1984), 14 Ohio St.3d 74. Additionally, Brenton asserts that the trial court erred by dismissing his motion as untimely under the post-conviction statute, R.C. 2953.21, because his motion was a Civ.R. 60(B)(5) motion, incorporated by Crim.R. 57(B), to correct a void sentence, not a petition for post-conviction relief. We disagree.
 {¶ 13} The Foster Court addressed constitutional issues concerning felony sentencing, holding that portions of Ohio's felony sentencing framework are unconstitutional and void, including R.C. 2929.14(B) and R.C. 2929.14(E)(4), requiring judicial findings before imposition of more than the minimum and consecutive sentences, respectively. Foster, 109 Ohio St.3d at ¶ ¶ 61, 67. *Page 6 
However, the Foster Court also limited retroactive application of its holdings to cases on direct review. Id. at ¶ 104.
 {¶ 14} In the case sub judice, Brenton failed to prosecute his direct appeal of his sentence in 2000. Thus, the Foster holdings are inapplicable to Brenton's sentence. However, this Court determined inState v. Troglin, 3d Dist. No. 14-05-56, 2006-Ohio-2791, "because theFoster decision rendered sentences based on these unconstitutional statutes void, a person was permitted to appeal his sentence by way of a petition for post-conviction relief." ¶ 9, citing State v.Bulkowski, 3d Dist. No. 13-05-43, 2006-Ohio-1888, at ¶ ¶ 12-13.
 {¶ 15} Here, Brenton captioned his motion as a Civ.R. 60(B)(5) motion. Civ.R. 60(B)(5) is a catch-all provision allowing a court, upon a party's motion, to set aside a final judgment or order for "any other reason justifying relief from the judgment." Crim.R. 57(B) incorporates the rules of civil procedure as follows: "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable lawif no rule of criminal procedure exists." (Emphasis added). However, Brenton sought relief from judgment after conviction based on his assertion that his sentence violated his constitutional rights, was void, and should be vacated. By definition, Brenton sought post-conviction relief. State v. Reynolds (1997), 79 Ohio St.3d 158, 160 *Page 7 
(holding that, regardless of its caption, a motion is a petition for post-conviction relief where the defendant "(1) filed it subsequent to [defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence); State v. Hill (1998),129 Ohio App.3d 658. Crim.R. 35 governs the procedure for post-conviction petitions. Thus, Brenton cannot invoke Crim.R. 57(B) to allow him to circumvent the time requirements of the post-conviction statute with a Civ.R. 60(B)(5) motion.
 {¶ 16} The post-conviction statute permits an offender "who claims that there was such a denial or infringement of the person's constitutional rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" to challenge his sentence. R.C. 2953.21(A)(1)(a).
 {¶ 17} However, R.C. 2953.21(A)(2) mandates that motions for post-conviction relief "shall be filed no later than one-hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal." Moreover, R.C. 2953.23(A) divests a court of jurisdiction to hear an appeal after the expiration of the 180-day period set by R.C. 2953.21(A)(2) except under the exceptions provided in R.C. 2953.23(A)(1) and (2). *Page 8 
 {¶ 18} The first exception requires that a petitioner demonstrate that his asserted claim is based on a newly recognized federal or state right that arose subsequent to the 180-day period, and that "but for the constitutional error at trial, no reasonable fact-finder would have found the petitioner guilty of the offense * * *." R.C.2953.23(A)(1)(a)-(b). The second exception, R.C. 2953.23(A)(2), allows an untimely post-conviction appeal for certain situations involving DNA analysis.
 {¶ 19} Here, Brenton filed notice of his direct appeal in December 2000, but failed to file a brief or the record from the sentencing proceedings. Brenton did not file his post-conviction motion to vacate his sentence until June 19, 2006, well outside of the 180-day time period under R.C. 2953.21(A)(2). Accordingly, the trial court lacked jurisdiction to consider Brenton's motion because it was untimely. See, e.g., State v. Young, 3d Dist. No. 8-06-15, 2006-Ohio-5968; State v.Sanders, 9th Dist. No. 22457, 2005-Ohio-4267, ¶ 10; State v. Scuba, 11th Dist. No. 2006-G-2713, 2006-Ohio-6203, ¶ 21.
 {¶ 20} Moreover, neither of the R.C. 2953.23 exceptions applies to warrant a post-conviction appeal outside the 180-day time limit. Even if Brenton may have had a newly recognized federal right underFoster, his asserted claim would not alter the finding of guilt by the trial court because he pled no contest, and therefore his petition did not fall under the first exception in R.C. 2953.23(A). Additionally, his case did not involve DNA analysis so as to implicate the second *Page 9 
exception under R.C. 2953.23(A). Thus, Brenton is not entitled to re-sentencing based upon Foster.
 {¶ 21} Based on the foregoing, we find that the trial court lacked jurisdiction to consider Brenton's post-conviction motion and therefore appropriately denied it.
 {¶ 22} Accordingly, Brenton's first and third assignments of error are overruled.
 Assignment of Error No. II {¶ 23} In his second assignment of error, Brenton contends that he was deprived of the effective assistance of trial counsel pursuant toStrickland v. Washington (1984), 466 U.S. 668, by failing to raise the constitutionality of Ohio's sentencing statutes. Specifically, Brenton contends that his trial counsel denied him effective assistance of counsel because, in light of the U.S. Supreme Court's Apprendi decision, his trial counsel should have challenged the constitutionality of Ohio's sentencing scheme at Brenton's September 2000 sentencing. We disagree.
 {¶ 24} A defendant asserting a claim of ineffective assistance of counsel must establish both that counsel performed unreasonably under the circumstances and that the unreasonable performance prejudiced the defendant. State v. Kole, 92 Ohio St.3d 303, 306, 2001-Ohio-191, citingStrickland, 466 U.S. at 687. Ohio *Page 10 
licensed attorneys are presumed competent in their representation of a defendant's interests. State v. Hoffman (1988), 129 Ohio App.3d 403,407. Tactical or strategic decisions, even if ultimately unsuccessful, will not substantiate a claim of ineffective assistance of counsel.State v. Garrett (1991), 76 Ohio App.3d 57, 61, abrogated on other grounds by State v. Delmonico, 11th Dist. No. 2003-A-0022, 2005-Ohio-2902.
 {¶ 25} Here, we find that Brenton's trial counsel's decision not to challenge the constitutionality of Ohio's sentencing scheme at the September 2000 sentencing hearing was a reasonable tactical decision. This is so particularly given the presumption that a statute is constitutional unless it is proven beyond a reasonable doubt that it is clearly unconstitutional. State v. Williams (2000), 88 Ohio St.3d 513,521.
 {¶ 26} Accordingly, we overrule Brenton's second assignment of error.
 {¶ 27} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW and PRESTON, JJ., concur. *Page 1