**The STATE of Ohio, Appellee,**

v.

**FULK, Appellant.**

[Cite as *State v. Fulk,* 172 Ohio App.3d 635, 2007-Ohio-3141.]

Court of Appeals of Ohio,
Third District, Van Wert County.

No. 15–06–13.

Decided June 25, 2007.

John R. Fulk, pro se.

Eva J. Yarger, Asst. Prosecuting Attorney, for appellee.

PRESTON, Judge.

{¶ 1} Pro se defendant-appellant John R. Fulk appeals the Van Wert County Court of Common Pleas decision to resentence him to nonminimum and consecutive prison terms totaling 16 years. For the reasons that follow, we vacate Fulk's new sentence, and we remand this cause to the trial court for further proceedings consistent with this opinion.

{¶ 2} On July 2, 2004, the Van Wert County Grand Jury indicted Fulk on six counts of rape in violation of R.C. 2907.02(A)(1)(b). Each count constituted a first-degree felony offense.

{¶ 3} Fulk pleaded not guilty to the six counts. But on September 7, 2004, Fulk entered into a plea agreement and pleaded guilty to four counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), all third-degree felonies. In exchange, the prosecution dismissed the remaining counts in the indictment. Although Fulk subsequently moved to withdraw his guilty plea, the trial court denied his request.

{¶ 4}. On October 27, 2004, the trial court sentenced Fulk to four-year prison terms on each count. Additionally, the trial court ordered that Fulk serve the prison terms consecutively and designated Fulk a sexual predator. Thereafter, Fulk appealed his sentence and sexual-predator designation to this court, and on May 23, 2005, this court affirmed in all respects. *State v. Fulk*, 3d Dist. No. 15–04–17, 2005-Ohio-2506, 2005 WL 1205253.

{¶ 5} Several months later, the Ohio Supreme Court decided *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, which held unconstitutional certain portions of Ohio's felony-sentencing framework that required judicial fact-finding before the imposition of maximum, nonminimum, or consecutive prison sentences. *Foster* at ¶ 97 and 103. Where possible, the court in *Foster* severed the unconstitutional statutory provisions. Id.

{¶ 6} After the Ohio Supreme Court decided *Foster*, Fulk filed a motion with the trial court on July 17, 2006, captioned "Motion for Relief from Judgment Pursuant to Civ.R. 60(B)(5)." In his motion, Fulk argued that the trial court violated his constitutional right to trial by jury when it made the findings needed to sentence him to consecutive prison terms. To correct his sentence, Fulk incorporated the Civ.R. 60(B)(5) motion under Crim.R. 57(B), and he requested that the trial court resentence him in accordance with the United States Supreme Court's decision in *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403.

{¶ 7} On August 4, 2006, the trial court granted Fulk's motion and scheduled a new sentencing hearing. In doing so, the trial court specified that it would resentence Fulk in accordance with *Foster*. On August 30, 2006, the trial court held the new sentencing hearing. That same day, Fulk filed a motion arguing that the retroactive application of *Foster* violated the Ex Post Facto Clause in the United States Constitution and federal due process generally. The trial court overruled the motion during the hearing, and on September 1, 2006, the trial court issued a judgment entry sentencing Fulk to the same consecutive four-year prison terms.

{¶ 8} Fulk now appeals his new sentence to this court and sets forth one assignment of error for our review.

638

## ASSIGNMENT OF ERROR

The trial court violated the appellant's constitutional rights to due process, the Sixth Amendment and the Ex Post Facto Clause by resentencing appellant in violation of United States Supreme Court precedent.

{¶ 9} In his sole assignment of error, Fulk argues that *Foster* is legally erroneous and incompatible with the United States Supreme Court's criminal-sentencing precedent. Fulk also argues that the retroactive application of *Foster* violated the Ex Post Facto Clause in the United States Constitution and federal due process generally. Fulk thus concludes that the trial court erred when it resentenced him in accordance with *Foster*.

{¶ 10} As we set forth above, Fulk captioned his motion "Motion for Relief from Judgment Pursuant to Civ.R. 60(B)(5)." He incorporated his motion under Crim.R. 57(B). Civ.R. 60(B)(5) is the catchall provision that allows a court to grant a party's motion to set aside a final judgment or order for "any other reason justifying relief from the judgment." Notably, however, Crim.R. 57(B) incorporates the civil rules in the following manner: "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law *if no rule of criminal procedure exists.*" (Emphasis added.)

{¶ 11} In his motion, Fulk argued that the trial court violated his constitutional right to trial by jury when it made the findings needed to sentence him to consecutive prison terms. To correct his sentence, Fulk incorporated his Civ.R. 60(B)(5) motion under Crim.R. 57(B), and he requested that the trial court resentence him. Regardless of the caption, a motion is a petition for postconviction relief if the defendant filed the motion after the defendant's direct appeal, claimed a denial of a constitutional right, sought to render a final judgment void, and asked the trial court to vacate the judgment and sentence. *State v. Brenton,* 3d Dist. No. 11–06–06, 2007-Ohio-901, 2007 WL 641407, ¶ 15, citing *State v. Reynolds* (1997), 79 Ohio St.3d 158, 160, 679 N.E.2d 1131; *State v. Hill* (1998), 129 Ohio App.3d 658, 718 N.E.2d 978. Thus, by definition, Fulk actually sought postconviction relief. Id.

{¶ 12} Crim.R. 35 governs the procedures for postconviction petitions. Because a criminal rule exists, Crim.R. 57(B) does not apply herein, and Fulk cannot use Civ.R. 60(B) to circumvent the applicable time limits under the postconviction-relief statute, R.C. 2953.21.

{¶ 13} R.C. 2953.21(A)(2) provides that a motion for postconviction relief "shall be filed no later than one-hundred eighty days after the date on which the

trial transcript is filed in the court of appeals in the direct appeal." R.C. 2953.23(A)(1) and (2) set forth two exceptions to this time limit. The first exception requires a petitioner to demonstrate that the claim is based on a newly recognized federal or state right that arose after the 180–day time limit and that "but for the constitutional error at trial, no reasonable fact-finder would have found the petitioner guilty." R.C. 2953.23(A)(1)(a) and (b). The second exception permits a petitioner to file an untimely postconviction appeal for certain circumstances involving DNA analysis. R.C. 2953.23(A)(2).

{¶ 14} The record reflects that Fulk did not file his motion for postconviction relief, which he couched as a Civ.R. 60(B)(5) motion, until after the 180–day time limit had expired. Plus, neither of the exceptions to that time limit apply to this case. Fulk pleaded guilty to the four counts of gross sexual imposition, and the case did not involve DNA analysis. Therefore, we conclude that the trial court lacked jurisdiction to grant Fulk's motion and to resentence Fulk.

{¶ 15} For the foregoing reasons, we overrule Fulk's sole assignment of error. We also vacate Fulk's new sentence, and we remand this cause to the trial court to dismiss Fulk's motion because he filed it after the 180–day time limit had expired.

Judgment vacated
and cause remanded.

Rogers, P.J., and Shaw, J., concur.