OPINION *Page 2 
{¶ 1} Defendant-appellant, John W. Deaton (hereinafter "Deaton"), appeals the judgment of the Defiance County Court of Common Pleas denying his "Motion to Vacate Voidable Sentence Civil Rule 60(B)." For reasons that follow, we affirm the trial court's judgment.
 {¶ 2} On September 2, 2004, Deaton was indicted on three counts of rape of a person less than thirteen years of age, violations of R.C. 2907.02(A)(1)(b) and first degree felonies. On March 22, 2005, pursuant to a plea agreement, Deaton plead guilty to and was convicted of counts one and two, and count three was dismissed. The trial court sentenced Deaton to seven years imprisonment for each of the two counts and ordered that the terms run concurrently for a total sentence of seven years. On February 21, 2006, Deaton filed a motion for delayed appeal with this Court, which we denied on April 14, 2006. On January 7, 2008, Deaton filed a motion with the trial court entitled "Motion to Vacate Voidable Sentence Civil Rule 60(B)." The trial court summarily denied Deaton's motion on January 11, 2008.
 {¶ 3} It is from this judgment that Deaton appeals and asserts two assignments of error for our review. For clarity of analysis, we have combined Deaton's assignments of error. *Page 3 
 ASSIGNMENT OF ERROR NO. I THE TRIAL JUDGE ABUSED HIS DISCRETION BY NEGLECTING TO APPROPRIATELY CONSIDER THE FILED MOTION PURSUANT TO CIVIL RULE 60(B).
 ASSIGNMENT OF ERROR NO. II THE TRIAL JUDGE ABUSED HIS DISCRETION BY FAILING TO FILE ADEQUATE FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO EACH INDIVIDUAL AND PARTICULAR CLAIM OF ERROR WITHIN THE FILED MOTION.
 {¶ 4} Deaton first argues that the trial court abused its discretion in failing to appropriately consider his motion pursuant to Civ. R. 60(B). In his motion filed with the trial court, Deaton specifically states that the motion is not to be considered a petition for postconviction relief, but rather, should be considered pursuant to Civ. R. 60(B)(5) as incorporated by Crim. R. 57(B).
 {¶ 5} Civ. R. 60(B)(5) is a broad provision that allows relief from a judgment or order "for any other reason justifying relief from judgment." Civ. R. 60(B)(5). Motions made under Civ. R. 60(B)(5) need only be made within a reasonable time. Id. Crim. R. 57(B) allows for the incorporation of the civil rules and provides: "[i]f no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable lawif no rule of criminal procedure exists." State v. Fulk,172 Ohio App.3d 635, 2007-Ohio-3141, 876 N.E.2d 983, ¶ 10, quoting Crim. R. 57(B). (Emphasis in original). *Page 4 
 {¶ 6} By arguing that his motion is pursuant to Civ. R. 60(B), Deaton attempts to incorporate the civil rules through Crim. R. 57(B). However, Crim. R. 57(B) allows for the use of a civil rule only where there is no applicable criminal rule. Here, "Crim. R. 35, which sets forth the procedure by which criminal defendants can file petitions for postconviction relief, was available * * * and serves the same purpose as the Civ. R. 60(B) motion * * *." State v. Schlee, 117 Ohio St.3d 153,2008-Ohio-545, 882 N.E.2d 431, ¶ 11. Furthermore, "[r]egardless of the caption, a motion is a petition for postconviction relief if the defendant filed the motion after the defendant's direct appeal, claimed a denial of a constitutional right, sought to render a final judgment void, and asked the trial court to vacate the judgment and sentence."Fulk, 2007-Ohio-3141, at ¶ 11, citing State v. Brenton, 3d Dist. No. 11-06-06, 2007-Ohio-901, ¶ 15.
 {¶ 7} Deaton was sentenced on March 22, 2005 and filed his motion on January 7, 2008, well after App. R. 4's thirty-day time limit to file a direct appeal. In his motion, Deaton claimed a due process violation, sought to render the trial court's judgment void, and asked the trial court to vacate his original sentence. Therefore, despite the motion's original label, we find that Deaton's motion was a petition for postconviction relief. Id. Moreover, Deaton's motion could have been filed as a petition for postconviction relief pursuant to Crim. R. 35 and R.C. 2953.21; and therefore, the use of Civ. R. 60(B) is precluded.Schlee, 2008-Ohio-545, at ¶ 11. *Page 5 
 {¶ 8} Deaton also argues that the trial court abused it discretion in denying his motion by failing to issue findings of fact and conclusions of law. Deaton asserts that the trial court acted arbitrarily when it summarily denied the motion and did not address its individual elements. Furthermore, Deaton argues that the trial court abused its discretion in failing to consider his sentence in light of Apprendi v. New Jersey
(2000), 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435; Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403;U.S. v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621; andCunningham v. California (2007), 549 U.S. 270, 127 S.Ct. 856,166 L.Ed.2d 856.
 {¶ 9} R.C. 2953.21, the postconviction petition statute, prescribes time limits for filing a postconviction petition. The statute provides: "[i]f no direct appeal is taken on the underlying action, a petition for post-conviction relief `shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.'" State v.Caldwell, 3d Dist. No. 11-05-07, 2005-Ohio-5375, ¶ 10, quoting R.C. 2953.21(A)(2).
 {¶ 10} Deaton's post conviction relief petition must conform to the time limits provided in R.C. 2953.21. Deaton was sentenced on March 22, 2005 and failed to file a direct appeal. Instead, Deaton filed a motion for delayed appeal on February 21, 2006, which this Court denied. On January 8, 2008, Deaton filed his motion labeled "Motion to Vacate Voidable Sentence Civil Rule 60(B)," more *Page 6 
than twenty six months after the one hundred eighty day time limit provided by R.C. 2953.21.
 {¶ 11} R.C. 2953.23 provides two exceptions to the time requirements for filing a petition for postconviction relief under R.C. 2953.21. However, "we have previously held that R.C. 2953.23 does not apply to those cases where the petition was untimely filed under R.C. 2953.21(A) and raises non-death penalty sentencing issues." State v. Garcia, 3d Dist. No. 4-06-27, 2006-Ohio-6334, ¶ 10, citing State v. Lucas, 3d Dist. No. 9-05-31, 2006-Ohio-2508, ¶ 12. Deaton's case does not concern a timely filed petition, nor does it raise death penalty sentencing issues, and as such, R.C. 2953.23's exceptions do not apply. Therefore, Deaton's petition was untimely.
 {¶ 12} Deaton's argument that the trial court abused its discretion in summarily denying his petition lacks merit. This Court has previously stated, "a trial court is not required to make findings of fact and state conclusions of law when it overrules an untimely petition for post conviction relief." Lucas, 2006-Ohio-2508 at ¶ 9, citing State ex rel.Kimbrough v. Greene, 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155, ¶ 6. Because Deaton's petition was untimely, the trial court was not required to make findings of fact or to state conclusions of law. Id. Under these circumstances, we find that the trial court did not abuse its discretion in summarily denying Deaton's petition. Blakemore v.Blakemore (1983), 5 Ohio St.3d at 217, 219, 450 N.E.2d 1140. *Page 7 
 {¶ 13} Deaton's first and second assignments of error are, therefore, overruled.
 {¶ 14} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW, P.J., and WILLAMOWSKI, J., concur. *Page 1