OPINION *Page 2 
{¶ 1} Relator Belinda Rife Anello has filed a Petition for Writ of Mandamus requesting the issuance of a writ which would require the trial court to hold a hearing and issue findings of fact and conclusions of law relative to Relator's Motion for Relief from Judgment.
 {¶ 2} To be entitled to the issuance of a writ of mandamus, relator must demonstrate: (1) a clear legal right to the relief prayed for; (2) a clear legal duty on the respondent's part to perform the act; and, (3) that there exists no plain and adequate remedy in the ordinary course of law. State ex rel. Master v. Cleveland (1996), 75 Ohio St.3d 23, 26-27,661 N.E.2d 180; State ex rel. Harris v. Rhodes (1978), 5 Ohio St.2d 41,324 N.E.2d 641, citing State ex rel. National City Bank v. Bd. ofEducation (1977), 520 Ohio St.2d 81, 369 N.E.2d 1200.
 {¶ 3} Relator filed a motion with the trial court captioned "Motion for Relief from Judgment" premised upon on Civ. R. 60(B).
 {¶ 4} "A request for relief pursuant to Civil Rule 60(B) is really a motion for post-conviction relief regardless of its caption." State v.Brenton, 3rd Dist. No. 11-06-06, 2007-Ohio-901, ¶ 15. In Relator's previous case, State of Ohio ex rel. Belinda Rife Anello v. Judge MaryA. Falvey, Case Number 2008CA0059, we noted "[M]unicipal courts lack jurisdiction to hear motions for post-conviction relief . . ."
 {¶ 5} Because Relator has filed what is actually a motion for post-conviction relief, the trial court lacks jurisdiction to consider the motion. Consequently, there is no clear legal duty on the part of Respondent to perform the requested act. *Page 3 
 {¶ 6} Relator has failed to demonstrate the elements necessary to warrant the issuance of the writ of mandamus.
 {¶ 7} WRIT DENIED.
 {¶ 8} COSTS TO RELATOR.
Wise, P.J. Edwards, J. and Delaney, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, Relator's Writ of Mandamus is hereby denied. Costs taxed to Relator. *Page 1