[Cite as *State v. Robinson*, 2015-Ohio-3329.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 27663 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| GLENN D. ROBINSON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 03 01 0003 |

DECISION AND JOURNAL ENTRY

Dated: August 19, 2015

HENSAL, Presiding Judge.

{¶1} Glenn Robinson appeals an order of the Summit County Court of Common Pleas that denied his motion to vacate or set aside the judgment and sentence, and for final appealable order. For the following reasons, this Court affirms.

I.

{¶2} In April 2003, a jury found Mr. Robinson guilty of aggravated murder, murder, aggravated robbery, having weapons while under disability, and carrying a concealed weapon. He also pleaded guilty to one count of felonious assault. The trial court sentenced him to life imprisonment with parole eligibility after 38 years. On appeal, this Court determined that Mr. Robinson's guilty plea was defective, but affirmed his other convictions and sentences.

{¶3} On remand, Mr. Robinson re-entered a guilty plea to the felonious assault count. He did not appeal his conviction or sentence for that offense. Since that time, Mr. Robinson has filed a number of post-judgment motions. Relevant to this appeal, in September 2014, Mr.

Robinson filed a motion to vacate or set aside the judgment and sentence, and for final appealable order. In his motion, Mr. Robinson argued that his sentence violates Revised Code 2941.25 because it sentences him for offenses that the court determined should merge for purposes of sentencing. He argued that the trial court's judgment, therefore, should be vacated and the case remanded for resentencing, which would allow the State to select which offense survives the merger. The trial court categorized Mr. Robinson's motion as a petition for post-conviction relief and denied it as untimely. Mr. Robinson has appealed, assigning three errors.

## I.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF APPELLANT BY DENYING HIS MOTION TO VACATE OR SET ASIDE THE JUDGMENT AND SENTENCE AND FOR FINAL APPEALABLE ORDER, AS THE SENTENCING JOURNAL ENTRIES ARE VOID BECAUSE HAVING DETERMINED THAT COUNTS ONE, TWO AND THREE WERE ALLIED, THE TRIAL COURT, CONTRARY TO R.C. 2941.25, IMPOSED A SENTENCE ON ALL THREE COUNTS INSTEAD OF MERGING ALL THREE COUNTS AND IMPOSING A SENTENCE ON ONE ACCORDING TO STATE V. HOLMES, 2014-OHIO-3816, AND LINGO V. STATE, (2014), 138 OHIO ST.3D 427, P46.

{¶4} Mr. Robinson argues that his motion did not have to satisfy the rules for a petition for post-conviction relief because the trial court's judgment is void and, therefore, may be challenged at any time. *See Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, ¶ 46. According to him, the court failed to merge the aggravated murder and murder counts despite finding that they are allied offenses.

{¶5} This Court has held that the failure to merge allied offenses of similar import does not result in a void sentence. *State v. Abuhilwa*, 9th Dist. Summit No. 25300, 2010-Ohio-5997, ¶ 8; *see State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 8. Accordingly, we reject Mr. Robinson's argument that his sentence is void. Because his sentence is not void, we conclude

that the trial court did not err when it determined that his motion should be reclassified as a petition for post-conviction relief. *See State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997). Mr. Robinson's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF APPELLANT BY DENYING HIS MOTION TO VACATE OR SET ASIDE THE JUDGMENT AND SENTENCE AND FOR FINAL APPEALABLE ORDER BECAUSE THE STATE FAILED TO ELECT WHICH COUNT SURVIVED MERGER AFTER THE TRIAL COURT DETERMINED THAT COUNTS ONE, TWO AND THREE WERE OF THE SAME COURSE OF CONDUCT AND MERGED FOR SENTENCING, PREVENTING THE APRIL 24, 2003[,] AND SUSBSEQUENT SENTENCING JOURNAL ENTRIES FROM BEING FINAL APPEALABLE ORDERS ACCORDING TO MAUMEE V. GEIGER, 45 OHIO ST.2D 238, STATE V. BAKER, 119 OHIO ST.3D 197 AND STATE V. HARRIS, 122 OHIO ST.3D 373.

ASSIGNMENT OF ERROR III

APPELLATE COUNSEL'S PERFORMANCE WAS DEFICIENT BASED ON EVITTS V. LUCEY, 469 U.S. 387 AND INEFFECTIVE UNDER STRICKLAND V. WASHINGTON.

{¶6} In his second assignment of error, Mr. Robinson argues that the trial court incorrectly sentenced him on allied offenses. In his third assignment of error, he argues that his appellate counsel for his direct appeal was ineffective for not challenging his sentence on that basis. Upon review of the record, we conclude that the trial court did not have authority to consider the merits of Mr. Robinson's merger argument because his motion was a successive petition for post-conviction relief under R.C. 2953.23(A) and he failed to establish that he met the filing requirements for a successive petition. The court also did not have authority to determine whether Mr. Robinson's appellate counsel was ineffective, as that is an issue that must be raised pursuant to Appellate Rule 26(B). *State v. Stekelenburg*, 9th Dist. Summit No. 24825, 2010-Ohio-219, ¶ 10. Mr. Robinson's second and third assignments of error are overruled.

III.

{¶7}    The trial court correctly concluded that it did not have authority to consider the merits of Mr. Robinson's motion to vacate or set aside the judgment and sentence, and for final appealable order.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

GLENN D. ROBINSON, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.