[Cite as *State v. Taqi*, 2015-Ohio-5319.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 14CA010672 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ABDUL TAQI | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 09CR078232 |

DECISION AND JOURNAL ENTRY

Dated: December 21, 2015

SCHAFER, Judge.

{¶1} Defendant-Appellant, Abdul Taqi, appeals the judgment of the Lorain County Court of Common Pleas partially granting his "motion to correct sentence" and resentencing him. For the reasons that follow, we vacate the trial court's judgment and remand the matter with instructions that the trial court dismiss the motion.

I.

{¶2} As part of a plea agreement, Taqi pled guilty to the following counts: (1) Count I – aggravated robbery; (2) Count II – robbery; (3) Count III – failure to comply with order or signal of a police officer; (4) Count IV – theft; (5) Count V – obstructing official business; and (6) Count VI – driving under suspension. On March 25, 2010, the trial court issued a judgment entry of conviction and sentence. The trial court did not merge any of the six convictions for the purposes of sentencing. Consequently, Taqi was ordered to serve three years on Count I, three years on Count II, one year on Count III, six months on Count IV, one year on Count V, and six

months on Count VI. The trial court ordered that the sentences for Counts I, II, V, and VI run concurrently with each other, but consecutively to Count IV. It also ordered that all the sentences run consecutively to Count III. In total, the trial court imposed a prison term of four and a half years. Taqi did not file a direct appeal from the judgment entry of conviction and sentence.

{¶3} On May 9, 2014, Taqi filed a "motion to correct sentence" in which he requested that the trial court merge his convictions for the purposes of sentencing on the grounds that they were allied offenses of similar import. The trial court subsequently issued a judgment entry partially granting Taqi's motion by merging Counts II and IV into Count I for the purposes of sentencing. It also re-sentenced Taqi by imposing a three year prison term for Count I, a one year prison term for Count III, and six month prison terms for Counts V and VI. The trial court ordered that the sentences for Counts III and V run consecutively to the sentence for Count I while the sentence for Count VI run concurrently. In total, the prison term imposed after resentencing was four and a half years, the same length as originally ordered.

{¶4} Taqi filed this timely appeal, presenting a single assignment of error for our review.

## II.

### Assignment of Error

**The trial court erred in resentencing Mr. Taqi on charges which were not part of the allied offense sentence.**

{¶5} Before addressing the merits of Taqi's assignment of error, we must first determine whether the trial court had jurisdiction to consider his motion to correct sentence.

{¶6} "Where a criminal defendant subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional

rights have been violated, such a motion is a petition for post[-]conviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158 (1997), syllabus. We have previously applied this rule where the defendant's motion to correct sentence implicates the trial court's purported failure to merge allied offenses of similar import. *E.g.*, *State v. Conley*, 9th Dist. Medina No. 05CA0057-M, 2005-Ohio-6218, ¶ 8, citing *Reynolds* at syllabus; *see also State v. Robinson*, 9th Dist. Summit No. 27663, 2015-Ohio-3329, ¶ 5 (determining that the trial court properly considered motion to correct sentence that asserted allied offenses claim to be a post-conviction relief petition since "[t]his Court has held that the failure to merge allied offenses of similar import does not result in a void sentence"), citing *State v. Abuhilwa*, 9th Dist. Summit No. 25300, 2010-Ohio-5997, ¶ 8. As a result, Taqi's motion to correct sentence constitutes a petition for post-conviction relief and he had to comply with the provisions of R.C. 2953.21 and 2953.23 to obtain the relief that he requested. *Conley* at ¶ 9.

**{¶7}** Pursuant to former R.C. 2953.21(A)(2), if the defendant did not bring a direct appeal from his conviction and sentence, a petition for post-conviction relief must be filed no later than 180 days after the expiration of the time to file an appeal.[1] Additionally, R.C. 2953.23(A) precludes trial courts from "entertain[ing]" untimely petitions for post-conviction relief, unless one of the statute's exceptions applies. For the purposes of this appeal, only R.C. 2953.23(A)(1)'s exception could potentially apply and it provides that both of the following conditions must exist for a trial court to entertain an untimely petition for post-conviction relief:

> (a)    Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or subsequent to the [time limitation], the United States Supreme

---

[1] 2014 Am.S.B. No. 361 increased R.C. 2953.21(A)(2)'s time limitation for filing a post-conviction relief petition to 365 days. Since the effective date of S.B. 361 postdates the filing of Taqi's motion and the trial court's ruling, we rely on the former time limitation. *State v. Heid*, 4th Dist. Scioto No. 14CA3655, 2015-Ohio-1467, ¶ 18.

Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petitioner asserts a claim based on that right.

(b)     The petition shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted[.]

"A defendant's failure to either timely file a petition for post-conviction relief or meet his burden under R.C. 2953.23(A)(1) deprives a trial court of jurisdiction to entertain the petition." *State v. Taylor*, 9th Dist. Lorain No. 14CA010549, 2014-Ohio-5738, ¶ 9.

{¶8}    Here, Taqi's petition for post-conviction relief was plainly untimely as it was filed approximately four years after the time for a direct appeal had passed.[2] Thus, to properly invoke the jurisdiction of the trial court, Taqi had to carry the burden of proving the exception contained in R.C. 2953.23(A)(1). But, he failed to even mention the exception in his petition, let alone satisfy his burden. Moreover, the trial court's judgment entry fails to make any findings regarding Taqi's satisfaction of R.C. 2953.23(A)(1). Indeed, the judgment entry reflects that the trial court failed to properly consider Taqi's "motion to correct sentence" as a petition for post-conviction relief.

{¶9}    Consequently, Taqi's petition for post-conviction relief was untimely and did not satisfy the exception contained in R.C. 2953.23(A)(1). In light of this, Taqi "did not make the requisite showing to file an untimely petition for post[-]conviction relief and the trial court was without jurisdiction to review the petition." *State v. Kelly*, 6th Dist. Lucas No. L-05-1237, 2006-Ohio-1399, ¶ 12 (determining that the trial court lacked jurisdiction to consider post-conviction relief petition asserting that the defendant's sentence was voidable under *Blakely v. Washington*, 542 U.S. 296 (2004)). As a result, the trial court's judgment partially granting Taqi's petition for

---

[2] Even if the 365 day time limitation from S.B. 361 applied in this matter, Taqi's petition would still be untimely.

post-conviction relief and resentencing him was void ab initio. *See State v. Kolvek*, 9th Dist. Summit Nos. 22966, 22967, 2006-Ohio-3113, ¶ 7 ("A judgment rendered by a court lacking subject-matter jurisdiction is void ab initio.") (Internal quotation omitted.), *abrogated on other grounds*, *State v. Holcomb*, 184 Ohio App.3d 577, 2009-Ohio-3187, ¶ 20 (9th Dist.).

{¶10} Accordingly, we vacate the trial court's judgment and remand the matter for the trial court to dismiss Taqi's motion. *See State v. Fulk*, 172 Ohio App.3d 635, 2007-Ohio-3141, ¶ 14-15 (3d Dist.) (vacating trial court's judgment granting untimely petition for post-conviction relief since "the trial court lacked jurisdiction to grant [the defendant]'s motion and to resentence [the defendant]" and remanding the matter for the trial court to dismiss the petition). Our resolution of this matter renders Taqi's assignment of error moot and we decline to address it. *See* App.R. 12(A)(1)(c); *see also Kolvek* at ¶ 8 ("This Court's finding that the trial court lacked jurisdiction to entertain appellant's motion for resentencing renders appellant's assignments of error moot.").

### III.

{¶11} The judgment of the Lorain County Court of Common Pleas partially granting Taqi's motion to correct sentence and resentencing him is vacated. This matter is remanded for the trial court to dismiss Taqi's motion. The trial court's original judgment of conviction and sentence remains in effect.

Judgment vacated,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P.J.
CONCURS IN JUDGMENT ONLY.

WHITMORE, J.
CONCURS.

APPEARANCES:

ABDUL TAQI, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.