**[Cite as *State v. Quinn*, 2022-Ohio-214.]**

<br>

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-47 |
| | : | |
| v. | : | Trial Court Case No. 2013-CR-869 |
| | : | |
| JAMES QUINN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 28th day of January, 2022.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

JOHN M. GONZALES, Atty. Reg. No.0038664, 501 South High Street, Columbus, Ohio 43215
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} James Quinn appeals from a judgment of the Clark County Common Pleas Court, which denied his second petition for post-conviction relief, overruled his third motion for a new trial, and overruled his motion for Civ.R. 60(B) relief. We will affirm the judgment of the trial court.

## I. Factual and Procedural Background

{¶ 2} In March 2014, a jury found Quinn guilty on two counts of domestic violence, two counts of kidnapping, one count of abduction, and one count of intimidation. The victim of Quinn's crimes was his then 79-year-old mother, Beverley Quinn, who testified at trial that Quinn was her assailant. The trial court sentenced Quinn to a total of 20 years in prison. Quinn appealed his conviction, and we affirmed. *State v. Quinn*, 2016-Ohio-139, 57 N.E.3d 379 (2d Dist.) ("*Quinn I*").

{¶ 3} Four months after his conviction, Quinn filed his first motion for a new trial based on newly discovered evidence. In two affidavits attached to the motion, Beverley recanted her trial testimony, averring that she did not believe that Quinn had committed the crimes against her. The trial court overruled Quinn's motion, concluding that Beverley's testimony at trial was more credible than her post-trial affidavits. We affirmed. *State v. Quinn*, 2d Dist. Clark No. 2014-CA-95, 2016-Ohio-140 ("*Quinn II*").

{¶ 4} In 2017, we granted Quinn's motion to reopen his direct appeal to raise a claim that the trial court had erred in ruling on challenges during voir dire. In the end, though, we overruled Quinn's assignment of error on that issue and again affirmed the trial court's judgment. *State v. Quinn*, 2017-Ohio-7000, 95 N.E.3d 664 (2d Dist.) ("*Quinn III*"). In February 2015, Quinn had filed his first petition for postconviction relief. The trial court denied it, and we affirmed the trial court's decision. *State v. Quinn*, 2017-Ohio-

8107, 98 N.E.3d 1184 (2d Dist.) ("*Quinn IV*").

{¶ 5} In 2018, Quinn was before us yet again. In 2016, Quinn had filed a second motion for a new trial, which the trial court overruled. Some of Quinn's claims in the motion had concerned the State's failure to disclose documents that were exculpatory in nature or could have been used to impeach witnesses who testified against him. Quinn attached copies of the documents to his motion. Among these were a "Uniform Incident Report" from the Clark County Sheriff's Office and a Clark County Sheriff's Office "Tow Log" that, together, showed the location where Beverley's abandoned car -- the car used to kidnap her – had been found. We held that Quinn had failed to show that the State impermissibly withheld the documents and that nothing in the record established that the State failed to produce those documents in discovery. We concluded that the evidence was immaterial anyway and affirmed the denial of a new trial. *State v. Quinn*, 2d Dist. Clark No. 2017-CA-102, 2018-Ohio-5279 ("*Quinn V*").

{¶ 6} In 2019, Quinn filed a habeas corpus action in a federal district court, and in early 2020, the district court ordered the production of a compact disc (CD) containing the law enforcement reports that the State had produced in discovery for Quinn's 2014 trial. When Quinn reviewed those reports, he discovered that neither the Uniform Incident Report nor the Tow Log was on the CD. Armed with what he believed was proof of the State's failure to disclose these documents, Quinn filed pro se several motions in the trial court reasserting claims based on the nondisclosure: a third motion for a new trial, a second petition for postconviction relief, and a Civ.R. 60(B) motion for relief from judgment. He also filed a memorandum with exhibits attempting to show that he was unavoidably prevented from discovering these documents. On August 25, 2020, the trial

court overruled the motions and denied the petition, concluding that the issues they raised were either barred by res judicata or moot.

{¶ 7} Quinn appealed.

## II. Analysis

{¶ 8} In Quinn's latest appeal, he presents seven assignments of error:

1. The Trial Court erred in finding Post-conviction Petition and New Trial Motion res judicata or moot in relying on the State's unfounded assertions, thus violating the Appellant's Fifth and Fourteenth Amendment right to due process.

2. The State failed to disclose a sheriff report that would have revealed false allegations. This violated the Appellant's Sixth Amendment right to a fair trial and his Fifth and Fourteenth Amendment rights to due process.

3. Law enforcement produced a document that contained false assertions that were detrimental to the defense. This was a violation of the Appellant's right to due process and a fair trial found in the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

4. The Appellant received ineffective assistance of counsel, violating his Sixth Amendment right to effective assistance of counsel and a fair trial.

5. The grand jury indicted the Appellant using fabricated evidence, and the omission of accurate evidence concerning the same subject matter. The State has a duty to assure the grand jury has accurate information upon which to indict. This violated the Appellant's right to due process found in

the Fifth and Fourteenth Amendments to the United States Constitution.

6. The prosecution failed to correct testimony known to be false. This violated the United States Supreme Court precedent found in *Napue v. Illinois*, 360 U.S. 264 (1959).

7. The State committed fraud upon the Court violating the Appellant's right to a fair trial and due process of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

{¶ 9} Quinn's petition for postconviction relief and motion for a new trial asserted identical claims and arguments:

- Claim One: "False allegations that were detrimental to the defense. That is a substantive due process violation." This claim is based on the state's alleged failure to disclose the reports.

- Claim Two: "Prosecutorial misconduct as the prosecutor committed fraud upon the Court." This claim is based on the state's alleged failure to disclose the reports.

- Claim Three: "The prosecution failed to correct testimony known to be false." This claim is based on documents that allegedly showed that Beverley had dementia, contrary to her testimony.

- Claim Four: "The prosecution failed [to] disclosure that the interoffice communication had false content, a due process violation."

- Claim Five: "Counsel was ineffective for failing to impeach the testimony of the alleged victim and failing to point out material and favorable evidence to the jury. He also failed to investigate the issues."

- Claim Six: "Actual innocence has been established with this evidence that was

recently made available to the Defendant. Constitutional claims that violate the Defendant's rights have been asserted, and coupled with the other evidence there is no reasonable factfinder that would have convicted the Defendant."

- Claim Seven: "This supplement is a separate issue involving malicious prosecution involving the prosecution putting a false [illegible] office communication in front of the grand jury. This results in malicious prosecution violating the Defendant's right to due process, fair and equal protection, and is prosecutorial misconduct. The Police also fabricated evidence that was in front of the grand jury."

- Claim Eight: "The prosecution disclosed a false document in place of a real document, that is prosecutorial misconduct."

Quinn alleged that each of these claims also involved a violation of his right to a fair trial. In the Civ.R. 60(B) motion, Quinn claimed that he was entitled to relief based on a claim of fraud upon the court, specifically, that the State failed to disclose the two Clark County Sheriff documents.

{¶ 10} Rulings on a motion for new trial, on a motion for Civ.R. 60(B) relief, or on a petition for post-conviction relief are within a trial court's discretion and may not be disturbed on appeal absent a showing that the court abused its discretion. *Quinn IV*, 2017-Ohio-8107, 98 N.E.3d 1184, at ¶ 20 (petition for post-conviction relief); *Quinn V*, 2d Dist. Clark No. 2017-CA-102, 2018-Ohio-5279, at ¶ 16 (motion for a new trial); *Bank of Am., N.A. v. Pasqualone*, 10th Dist. Franklin No. 13AP-87, 2013-Ohio-5795, ¶ 14 (Civ.R. 60(B) motion).

{¶ 11} Most of Quinn's claims are based on the State's pretrial failure to disclose the Uniform Incident Report and Tow Log. Quinn was arrested at Beverley's home. A

Springfield Police interoffice memo that was disclosed in pretrial discovery suggests that the car used in the kidnapping was also found at Beverley's home, where Quinn was arrested. The Sheriff's documents show that the car was found abandoned several miles away. Quinn thinks that being able to present this conflict was important to his defense.

{¶ 12} As an initial matter, it is clear from the record that Quinn has known about and at times had a copy of the Uniform Incident Report and Tow Log since at least 2016 and probably since 2015. He admitted as much in a 2016 affidavit and again in a 2017 affidavit, both of which are in the record. And in his appeal in *Quinn III,* 2017-Ohio-7000, 95 N.E.3d 664, Quinn raised issues regarding the pretrial failure to produce Clark County Sheriff documents. *See id.* at ¶ 14 ("In our decision granting Quinn's application to re-open, we noted that * * * he was thus 'attempt[ing] to raise a new issue regarding pre-trial discovery of [certain] police reports written by the Clark County Sheriff's Office,' which he 'asserts * * * were not provided during pre-trial discovery' " * * *.).

{¶ 13} The issues were raised again in *Quinn V.* In that appeal, Quinn raised many of the same claims and issues he raises now, based on the Uniform Incident Report and Tow Log. *Quinn V,* 2d Dist. Clark No. 2017-CA-102, 2018-Ohio-5279, at ¶ 31, fn. 3. "Most of Quinn's current assignments of error," we stated in *Quinn V,* "relate to his claim that he was deprived of potentially exculpatory evidence associated with the car used in Beverley's kidnapping." *Id.* at ¶ 29. Among Quinn's claims was that "the State denied him due process by failing to disclose law enforcement records regarding where the car was found, towed, and impounded." *Id.* He also claimed that "the abandoned car's location vis-à-vis where Quinn was arrested all could have supported a defense that a different person committed the crime." *Id.* But we concluded there that the reports would not have

materially helped his defense. Quinn asserted that he was arrested five miles away, and the Sheriff's reports showed that the car was found and towed ten hours later. Even accepting Quinn's assertion about the facts, the location of the car used for the kidnapping described in the Sheriff's records vis-à-vis where Quinn was arrested "would not support an inference that Quinn was not the driver of the car involved in the kidnapping." *Id.* at ¶ 32. "Given the ease with which five miles could be traversed in 10 hours," we said, "evidence of the distance between the abandoned car and the site of Quinn's arrest was not material to the outcome of Quinn's trial." *Id.*

{¶ 14} We also noted that there was no evidence in the record that "the State failed to provide to Quinn's counsel through discovery the various law enforcement reports referenced in Quinn's arguments." *Id.* at ¶ 31. "Nothing in the record establishes that the State failed to produce those documents." *Id.* at ¶ 33. We again stated that nothing on the face of those reports materially favored Quinn. "[G]iven the strength of Beverley's trial testimony identifying her son as her assailant," we concluded, "Quinn has not demonstrated that any information derived from those documents would have materially assisted his defense." *Id.*

{¶ 15} The claims, issues, and arguments about the Sheriff's reports or the interoffice memo which Quinn raises in the present appeal could have been raised in *Quinn V.* As for his current claim of ineffective assistance of counsel, he also asserted such a claim in *Quinn V* based on trial counsel's alleged failure to investigate, and we rejected that argument. *See id.* at ¶ 69, 72. Therefore, all the material issues and arguments that Quinn raises in his latest motion and petition were or could have been raised in *Quinn V.*

{¶ 16} Plainly, we have already addressed the issues surrounding the Uniform Incident Report and Tow Log. It seems that Quinn has raised these issues again because the Uniform Incident Report and Tow Log were absent from the CD that the district court ordered produced in his federal habeas corpus action. Quinn takes this as evidence—proof, really—that the State in fact did not produce these two reports in pretrial discovery. He appears to think that this evidence of the State's failure to produce the reports in discovery allows him to raise again issues regarding the pretrial failure to disclose.

{¶ 17} But "[p]ursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Reed*, 2d Dist. Montgomery No. 26526, 2015-Ohio-3051, ¶ 26, quoting *State v. Collins,* 2d Dist. Montgomery No. 25612, 2013-Ohio-3645, ¶ 9. "Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Szefcyk,* 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus. "Additionally, arguments advanced in a successive motion for a new trial may be barred by the doctrine of res judicata." *Quinn V,* 2d Dist. Clark No. 2017-CA-102, 2018-Ohio-5279, at ¶ 23, citing *Reed* at ¶ 28 (where appellant "previously filed a motion for a new trial," res judicata bars use of a successive new trial motion to raise issues that could have been asserted in the prior motion).

**{¶ 18}** We agree with the trial court that the doctrine of res judicata barred Quinn's latest motions and petition. The claims, defenses, issues, and arguments raised therein were or could have been raised in prior proceedings.

### III. Conclusion

**{¶ 19}** The trial court did not abuse its discretion by denying Quinn's latest motions for relief.[1] All the assignments of error are overruled. The trial court's judgment is affirmed.

. . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Ian A. Richardson
John M. Gonzales
Hon. Douglas M. Rastatter

---

[1] The trial court expressly overruled Quinn's Civ.R. 60(B) motion, so it does not appear that the court treated the motion as a petition for postconviction relief. We tend to agree with those courts that have said that, in a criminal case like this, Civ.R. 60(B) relief is unavailable and that a motion so captioned actually seeks postconviction relief. *E.g., State v. Fulk*, 172 Ohio App.3d 635, 2007-Ohio-3141, 876 N.E.2d 983, ¶ 11 (3d Dist.). *See also State v. Evans*, 2d Dist. Montgomery No. 26574, 2015-Ohio-3161, ¶ 5 (concluding that the trial court properly treated defendant's Civ.R. 60(B) motion as a petition for post-conviction relief). We will not address this issue any further, though, as the claim on which Quinn's Civ.R. 60(B) motion was based was barred by res judicata anyway.