[Cite as *State v. Sankey*, 2019-Ohio-1947.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

STATE OF OHIO,                                      :          **O P I N I O N**

          Plaintiff-Appellee,          :

          - vs -                                       :          **CASE NO. 2018-A-0087**

ROBERTO SANKEY a.k.a. ROBBIE          :
ROYCE SANKEY,

          Defendant-Appellant.          :


Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2016 CR 00195.

Judgment:  Affirmed.


*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, Ohio 44047 (For Plaintiff-Appellee).

*Roberto Sankey*, A693-244, Trumbull Correctional Institution, 5701 Burnett Road, P.O. Box 640, Leavittsburg, Ohio 44430 (Defendant-Appellant).


THOMAS R. WRIGHT, P.J.

{¶1}    Appellant, Roberto Sankey, appeals the trial court's judgment overruling his postconviction motions to modify sentence and to withdraw his guilty plea.  We affirm.

{¶2}    Sankey raises two assigned errors:

{¶3}    "[1.]  The material and essential facts constituting an offense are found by the presentment of the grand jury; and if one of the vital and material elements identifying and characterizing the crime has been omitted from the indictment such defective

indictment is insufficient to charge an offense and cannot be cured by the court, and as such a procedure would not only violate the constitutional rights of the accused, but would allow the court to convict him on a defective indictment.

{¶4} "[2.] The general sentencing structure in Ohio violates the Eighth Amendment's prohibition against cruel and unusual punishment. He claims that sentencing judges are afforded too much discretion in choosing a prison term in the designated range and that a new standard is required for examining Eighth Amendment challenges."

{¶5} In November 2016, Sankey pleaded guilty to telecommunications fraud, passing bad checks, grand theft with a specification, and attempted grand theft. He was represented by counsel and sentenced to five years in prison. Sankey did not file a direct appeal.

{¶6} In 2018, Sankey moved the court to modify his sentence and to withdraw his guilty plea.

{¶7} Both of Sankey's motions argue that his indictment was defective, and as a result, he was convicted of a higher offense than was charged. He claims the indictment and bill of particulars state that the amount of the theft on or about January 15, 2013, totaled $220,872.82, but in actuality, the charged amount stolen on this date was only $5,363.34. Consequently, he claims his conviction for theft, a second-degree felony, should have been a fourth-degree felony, and he should have received a lower sentence.

{¶8} The trial court overruled his motions in its October 9, 2018 decision, noting that it found no errors in the plea or sentencing entries. The trial court also deemed

Sankey's arguments barred by res judicata because he could have raised them via direct appeal. We agree.

{¶9} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant * * *, which resulted in that judgment of conviction, or on an appeal from that judgment." (Citations omitted.) *State v. Szefcyk*, 77 Ohio St.3d 93, 1996-Ohio-337, 671 N.E.2d 233 (1996), syllabus.

{¶10} As stated, Sankey pleaded guilty and did not file a direct appeal from his conviction. Yet the argument he now raises is based on a document, i.e., exhibit A attached to the indictment, that was in the record when he entered his plea and was convicted. Accordingly, because he could have raised this issue on appeal, res judicata bars Sankey from raising the issue now. *Id.*

{¶11} Accordingly, Sankey's first assignment of error lacks merit.

{¶12} As for Sankey's second assigned error, which argues that Ohio's sentencing structure violates the prohibition against cruel and unusual punishment, this issue was not raised by Sankey in his pending motions before the trial court.

{¶13} The failure to raise a constitutional argument to the trial court generally constitutes a waiver of the issue on appeal. *State v. Benner*, 9th Dist. Summit No. 18094, 1997 WL 549605, *1, citing *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus.

{¶14} Furthermore, res judicata also applies to this argument because Sankey could have raised this issue in a direct appeal. *Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus. Sankey's second assigned error lacks merit and is overruled.

{¶15} The trial court's judgment is affirmed.


CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.