[Cite as *State v. Sankey*, 2019-Ohio-2870.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2019-A-0037** |
| - vs - | : | |
| ROBERTO SANKEY a.k.a. ROBBIE ROYCE SANKEY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2016 CR 00195.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelly M. Pratt*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, Ohio 44047-1092 (For Plaintiff-Appellee).

*Roberto Sankey*, pro se, PID: A693-244, Trumbull Correctional Camp, 5701 Burnett Road, P.O. Box 640, Leavittsburg, Ohio 44430 (Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Roberto Sankey, appeals the trial court's judgment overruling his postconviction motion. We affirm.

{¶2} Sankey raises one assigned error:

{¶3} "Trial counsel for defense was ineffective in violation of Sixth Amendment of U.S. Constitution when trial counsel did not challenge duplicitous indictment."

{¶4} In November 2016, Sankey pleaded guilty to telecommunications fraud, passing bad checks, grand theft with a specification, and attempted grand theft. He was represented by counsel and sentenced to five years in prison. Sankey did not file a direct appeal.

{¶5} In February 2019, Sankey moved the court to "remedy the duplicitous indictment" arguing that the state impermissibly consolidated the charges to reach higher level offenses and that trial counsel was ineffective for failing to challenge the indictment. His argument is based solely on the indictments as well as attached exhibit A.

{¶6} The trial court denied his motion as barred via res judicata. We agree.

{¶7} "Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant * * *, which resulted in that judgment of conviction, or on an appeal from that judgment." (Citations omitted.) *State v. Szefcyk*, 77 Ohio St.3d 93, 1996-Ohio-337, 671 N.E.2d 233 (1996), syllabus.

{¶8} "Normally, a constitutional claim, such as ineffective assistance of trial counsel, is based on evidence in the original trial record and is barred on postconviction. * * * It follows, therefore, that the court may apply *res judicata* if the petition for postconviction relief does not include any materials out of the original record to support the claim for relief. * * *." *State v. Combs*, 100 Ohio App.3d 90, 97, 652 N.E.2d 205 (1st Dist.1994), citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph seven of the syllabus (1967) and *State v. Cole*, 2 Ohio St.3d 112, 114, 443 N.E.2d 169 (1982).

{¶9} Here, Sankey pleaded guilty and did not file a direct appeal. He does not argue the raised issues render his conviction void. Nevertheless, the argument he now raises is based on matters of record at the time of conviction, i.e., the indictment and an attached exhibit. And because Sankey could have raised this argument on direct appeal, res judicata bars him from raising it now. *Id.*

{¶10} Moreover, Sankey raised a similar argument in a prior postconviction motion, which the trial court overruled, and we affirmed. *State v. Sankey*, 11th Dist. Ashtabula No. 2018-A-0087, 2019-Ohio-1947, ¶ 10.

{¶11} Accordingly, Sankey's sole assignment of error is overruled, and the trial court's decision is affirmed.


CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.