[Cite as *State v. Borecky*, 2020-Ohio-3697.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-L-078** |
| MARK D. BORECKY, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2005 CR 000727.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Jennifer A. McGee,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, Ohio 44077 (For Plaintiff-Appellee).

*Mark D. Borecky*, pro se, 314 East 246th Street, Euclid, Ohio 44123 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Mark D. Borecky appeals the trial court's July 10, 2019 judgment overruling his postconviction petition. We affirm.

{¶2} Borecky pleaded guilty to rape, a first-degree felony in violation of R.C. 2907.02(A)(2), in January 2006, and he was sentenced to ten years in prison and deemed a sexual predator on March 1, 2006. The transcript of proceedings was filed in in his direct appeal on May 10, 2006. We subsequently affirmed Borecky's sexual predator

determination in his direct appeal and later affirmed the trial court's decision denying his motion to withdraw his guilty plea. *State v. Borecky*, 11th Dist. Lake No. 2006-L-048, 2006-Ohio-6870, and *State v. Borecky*, 11th Dist. Lake No. 2007-L-197, 2008-Ohio-3890.

{¶3} Borecky moved for postconviction relief on June 17, 2019 contending his conviction is void because the trial court lacked jurisdiction, pursuant to R.C. 2941.021 and Crim.R. 7(A), since Borecky claims he was facing a life sentence and thus an indictment was required. The trial court overruled the petition finding it was filed beyond the 365-day time limit; that the petition was barred by res judicata; and that it fails on the merits.

{¶4} Borecky raises one assigned error:

{¶5} "The Lake County Common Pleas Court never acquired the proper subject matter jurisdiction when the state proceeded by way of information due to the mandatory nature of Crim.R. 7(A) and R.C. 2941.021 since defendant was on notice for a possibility of a life sentence [and] the Lake County Common Pleas Court never obtained subject matter jurisdiction over the defendant."

{¶6} Borecky reiterates his argument presented to the trial court that his conviction is void. We disagree.

{¶7} "'[I]n general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27. Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous.'" *State v. Straley*, 2019-

2

Ohio-5206, ¶ 25 quoting *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 12.

{¶8} And unlike a voidable sentence, "a void sentence may be reviewed at any time, on direct appeal or by collateral attack * * *." *State v. Straley*, 2019-Ohio-5206, supra, ¶ 24. "[A] voidable judgment, although imposed irregularly or erroneously, has the effect of a proper legal order unless it is successfully challenged on direct appeal." *Geauga Sav. Bank v. McGinnis*, 11th Dist. Trumbull No. 2010-T-0052, 2010-Ohio-6247, ¶ 18.

{¶9} Whether a court of common pleas possesses subject matter jurisdiction is a question of law that we review de novo. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, *reconsideration denied,* 154 Ohio St.3d 1467, 2018-Ohio-5210, 114 N.E.3d 217.

{¶10} Borecky contends that he was facing life imprisonment, and as such, he had to be charged and prosecuted via indictment as opposed to information, and that this renders his conviction void.

{¶11} A complaint was originally filed in municipal court stating that Borecky was facing life in prison based on his alleged violation of R.C. 2907.02(A)(1)(b) for engaging in sexual conduct with a minor less than ten years old. The case was subsequently bound over to the grand jury.

{¶12} Borecky then waived his right to prosecution by indictment and was charged by information with one count of rape in violation of R.C. 2907.02(A)(2), a first-degree felony. This charge subjects him to a maximum prison term of ten years, not life.

{¶13} Borecky's argument is based on Crim.R. 7(A), which states in part:

3

{¶14} "A felony that may be punished by death or life imprisonment shall be prosecuted by indictment. All other felonies shall be prosecuted by indictment, except that after a defendant has been advised by the court of the nature of the charge against the defendant and of the defendant's right to indictment, the defendant may waive that right in writing and in open court."

{¶15} His argument also relies on R.C. 2941.021 that states:

{¶16} "Any criminal offense which is not punishable by death or life imprisonment may be prosecuted by information filed in the common pleas court by the prosecuting attorney if the defendant, after he has been advised by the court of the nature of the charge against him and of his rights under the constitution, is represented by counsel or has affirmatively waived counsel by waiver in writing and in open court, waives in writing and in open court prosecution by indictment."

{¶17} Borecky did not waive his right to be prosecuted by indictment for rape in violation of R.C. 2907.02(A)(1)(b), punishable by life imprisonment, although this offense was initially identified. The fact that the initial municipal court complaint stated an offense punishable by life is of no consequence because the information charged Borecky with rape in violation of R.C. 2907.02(A)(2), which is *not* subject to punishment of life imprisonment or death. Thus, neither R.C. 2941.021 nor Crim.R. 7(A) were violated.

{¶18} Thus, his conviction is not void, and his assigned error lacks merit.

{¶19} The trial court also held that Borecky's postconviction petition was untimely. We agree.

{¶20} "'[W]hether a court of common pleas possesses subject-matter jurisdiction to entertain an untimely petition for postconviction relief is a question of law, which

4

appellate courts review de novo."  * * *.'"  *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 24, *reconsideration denied,* 154 Ohio St.3d 1467, 2018-Ohio-5210, 114 N.E.3d 217.

{¶21}  The failure to timely file a petition for postconviction relief deprives a trial court of jurisdiction to address the petition.  *State v. Waulk*, 4th Dist. Ross No. 15CA3501, 2016-Ohio-5018, ¶ 12, citing *State v. Beaver,* 131 Ohio App.3d 458, 722 N.E.2d 978 (11th Dist.1998).

{¶22}  The statute governing petitions for postconviction relief, R.C. 2953.21(A)(2), states in part:

{¶23}  "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *."

{¶24}  R.C. 2953.23(A) identifies two exceptions to this time limit. The first requires a petitioner to show, in part, that his claim is based on a newly recognized federal or state right that arose after the time limit. R.C. 2953.23(A)(1).  And the second exception permits a petitioner to file an untimely postconviction appeal if there are new DNA results in the case.  R.C. 2953.23(A)(2); *State v. Fulk*, 3rd Dist. Van Wert No. 15-06-13, 172 Ohio App.3d 635, 2007-Ohio-3141, 876 N.E.2d 983, ¶ 13.  Neither exception applies here.

{¶25}  Moreover, Borecky's petition was filed June 17, 2019, which is well beyond 365 days after the transcript of proceedings was filed in the court of appeals in his direct appeal in May of 2006.  Thus, Borecky's postconviction petition was untimely as a matter of law, and as such, the trial court lacked jurisdiction to address it.  *State v. Apanovitch*,

5

155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, *reconsideration denied,* 154 Ohio St.3d 1467, 2018-Ohio-5210, 114 N.E.3d 217.

{¶26} Finally, the argument Borecky raises is based on matters of record at the time of conviction, i.e., the information charging him with rape and the complaint filed in the municipal court. Because Borecky could have raised this argument on direct appeal, res judicata bars him from raising it now. *State v. Steffen*, 70 Ohio St.3d 399, 410, 1994-Ohio-111, 639 N.E.2d 67 (1994) ("Postconviction review is a narrow remedy, since *res judicata* bars any claim that was or could have been raised at trial or on direct appeal."); *State v. Sankey*, 11th Dist. Ashtabula No. 2019-A-0037, 2019-Ohio-2870, ¶ 9.

{¶27} Based on the foregoing, the trial court's decision is affirmed.


TIMOTHY P. CANNON, P.J.,

MATT LYNCH, J.,

concur.