[Cite as *State v. Conard*, 2021-Ohio-4261.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

DONTE MAURICE CONARD
a.k.a. DONTE M. CONARD,

        Defendant-Appellant.

CASE NO. 2021-A-0017

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2018 CR 00717

## O P I N I O N

Decided: December 6, 2021
Judgment: Affirmed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Shelly M. Pratt*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Donte Maurice Conard*, pro se, PID #A762-864, Grafton Correctional Institution, 2500 South Avon Belden Road, Grafton, OH 44044 (Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1} Appellant, Donte M. Conard, advances five assignments of error from the denial of his April 28, 2021 postconviction relief petition:

> [1.] Trial court abused its discretion when it denied defendant-appellant's timely filed post-conviction relief petitions as being untimely, res judicata, and for lack of jurisdiction.

> [2.] The trial court erred and abused its discretion when it arbitrarily, improperly, and/or with bias denied defendant-appellant's timely filed motion to vacate or set aside judgment of conviction and sentence pursuant to R.C. 2953.21 et seq. (post conviction relief petition), in a manner that was not in compliance with R.C. 2953.21 et seq., and accordingly the

judgment of denial of post conviction relief is contrary to law and void, and therefore, must be vacated and remanded for further proceedings.

[3.] Trial court erred and abused its discretion when it arbitrarily, improperly, and/or with bias denied the defendant-appellant's timely filed motion to vacate or set aside judgment of conviction and sentence pursuant to R.C. 2953.21 et seq. (post conviction relief petition), in violation of defendant-appellant's United States and Ohio constitutional rights, and accordingly the judgment of denial of post conviction relief must be reversed and remanded for further proceedings.

[4.] Defendant-appellant was denied to have and be provided with effective assistance of counsel as guaranteed by Sixth and Fourteenth Amendments to the United States constitution for counsel's faulty advice to plead no contest to a more severe sentence when a less severe sentence was available.

[5.] Trial court erred when it dismissed defendant-appellant's timely filed post conviction relief petition without filing the requisite findings of fact and conclusions of law and the trial court's judgment is not final.

{¶2} Appellant filed his postconviction relief petition pursuant to R.C. 2953.21(A)(1)(a), which provides that "[a] person in any of the following categories may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief: (i) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[.]"

{¶3} "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1)(a)(i) * * * of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of

Case No. 2021-A-0017

appeals in the direct appeal of the judgment of conviction * * *."  R.C. 2953.21(A)(2)(a).

If the petitioner fails to meet this deadline, a court may not entertain a postconviction relief

petition unless, as relevant herein, both of the following apply:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

R.C. 2953.23(A)(1).

{¶4}   In his petition, appellant claims that his conviction should be set aside

because his defense counsel gave faulty advice regarding his no contest plea, his written

plea was defective and did not comply with R.C. 2945.05, and the trial court gave incorrect

advisements.   The latter two claims are based on matters of record at the time of

conviction and either were or could have been raised on direct appeal.   Thus, these two

claims in appellant's petition are barred by the doctrine of res judicata.  *State v. Borecky*,

11th Dist. Lake No. 2019-L-078, 2020-Ohio-3697, ¶ 26, citing *State v. Steffen*, 70 Ohio

St.3d 399, 410, 639 N.E.2d 67 (1994).

{¶5}   Moreover, as to all claims, the petition was untimely.   The transcript in

appellant's direct appeal was filed on November 12, 2019.   Appellant filed his

3

Case No. 2021-A-0017

postconviction relief petition more than 365 days after the transcript was filed, on April 28, 2021. The petition contains no allegations that appellant was unavoidably prevented from discovery of the facts upon which he relies to present his claims for relief or that the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in his situation. Accordingly, on this basis alone, the trial court did not err or abuse its discretion when it denied appellant's petition for postconviction relief. *E.g., Borecky* at ¶ 25, citing *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 38 (when a postconviction petition is untimely and the statutory exceptions do not apply, the trial court is not permitted to exercise its jurisdiction to address it); *see also State v. VanPelt*, 11th Dist. Portage No. 2014-P-0058, 2015-Ohio-1070, ¶ 17 ("When dismissing a petition upon the grounds that it was untimely, the trial court is under no obligation to hold a hearing or issue findings of fact and conclusions of law." (Citations omitted.)).

{¶6} Based on the foregoing, appellant's assignments of error lack merit, and the trial court's decision is affirmed.


MARY JANE TRAPP, P.J.,

MATT LYNCH, J.,

concur.

Case No. 2021-A-0017