[Cite as *State v. Pitts*, 2023-Ohio-3545.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                        Court of Appeals No.  OT-22-052

       Appellee                                   Trial Court No.  20CR014

v.

Jeremiah J. Pitts                                    **DECISION AND JUDGMENT**

       Appellant                                  Decided:  September 29, 2023

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Blake Skilliter, Assistant Prosecuting Attorney, for appellee.

Jeremiah J. Pitts, appellant pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal filed by appellant, Jeremiah Pitts, from the October 10,

2022 judgment of the Ottawa County Court of Common Pleas.  We affirm the judgment.

{¶ 2} Pitts sets forth two assignments of error:

I.  The trial court erred and abused its discretion in denying [Pitts'] *Petition to Vacate or Set Aside Judgment of Conviction or Sentence* as untimely filed without holding an evidentiary hearing where [Pitts] showed good cause.  (Emphasis sic.)

II.  The trial court erred [and] abused its discretion in denying [Pitts'] *Petition to Vacate or Set Aside Judgment of Conviction or Sentence* by finding the claims were barred by the doctrine of res judicata where [Pitts] showed he was unavoidably preventing from discovering material evidence.  (Emphasis sic.)

**Background**

{¶ 3} In January of 2020, Pitts was charged with one count of corrupting another with drugs and one count of involuntary manslaughter.  A jury trial was held and Pitts was found guilty of both offenses.  At sentencing, the court merged the two counts and the state elected to proceed on the involuntary manslaughter count; Pitts was sentenced to prison.  He appealed, and we affirmed the trial court's judgment.  *See State v. Pitts*, 6th Dist. Ottawa No. OT-21-019, 2022-Ohio-643.  Pitts then appealed to the Supreme Court of Ohio; the court declined jurisdiction to hear the appeal.  *See 06/21/2022 Case Announcements*, 2022-Ohio-2047.  In addition, Pitts filed an application to reopen his appeal with this court, which we denied.

2.

**Petition for Post-Conviction Relief**

{¶ 4} On August 3, 2022, Pitts filed a petition to vacate or set aside judgment of conviction or sentence with the trial court, in which he presented three claims for relief.

*Claim 1*

{¶ 5} Pitts was "denied his constitutional right to effective assistance of counsel * * * to a fair and impartial trial" due to the police and state's false and prejudicial pre-trial statements to the news media, and a prospective juror's statement, during voir dire, that her "'sister had been involved with [Pitts] five years ago when she dead [sic].'" Pitts' trial counsel failed to challenge the jury panel to show jurors were unlawfully empaneled or could not be fair and impartial.

*Claim 2*

{¶ 6} Pitts was "denied his constitutional right to effective assistance of counsel * * * to a fair and impartial trial" when the state used evidence against him which was unconstitutionally seized without a warrant or probable cause. Pitts' trial counsel failed to move to suppress Pitts' cell phone which was illegally seized.

*Claim 3*

{¶ 7} Pitts was "denied his constitutional right to effective assistance of counsel * * * to a fair and impartial trial" when trial counsel failed "to motion the trial judge to recuse and/or disqualify himself, and to disclose his personal connection to [Pitts] calls into question the impartially, independence and integrity of the proceedings. [sic]".

3.

{¶ 8} Pitts attached several documents to his petition, which included one affidavit: an Affidavit for Search Warrant for the data in Pitts' cell phone that had previously been confiscated from him.

{¶ 9} The state responded to Pitts' petition, arguing the petition was not timely filed, and barred by the doctrine of res judicata.

{¶ 10} Pitts filed a reply, acknowledging his petition was not timely, but "he can establish cause and prejudice for failing to timely file his petition." Pitts asserted the cause of his untimely petition was the prison's delay in processing his mail, and that Pitts "did all that he could as an inmate to comply with R.C. 2953.21(2)(A)(a) for timely filing his petition, and, but for prison officials' failure to act with diligence, there is a reasonable probability [his] petition would have been timely filed." Pitts also argued the three claims set forth in his petition could not have been raised on appeal as they concern matters outside of the record and/or they are "ripe for review in post[-]conviction."

{¶ 11} On October 10, 2022, the trial court denied Pitts' petition, without a hearing, finding it was not timely filed pursuant to R.C. 2953.21(A)(2), and Pitts did not meet the conditions of R.C. 2953.23(A). Further, the court set forth that assuming it was not without jurisdiction to consider the petition, Pitts' claims could have been raised on direct appeal and are barred by res judicata. Pitts appealed.

{¶ 12} Since Pitts' two assignments of error are related, we will address them together.

4.

**First and Second Assignments of Error**

**Arguments in Support of First Assignment of Error**

{¶ 13} Pitts argues, inter alia, the trial court erred in dismissing his post-conviction relief petition as untimely without holding a hearing, as he showed good cause for the late filing. He asserts his "request for an evidentiary hearing is from the basis [sic] of the ineffective assistance of counsel in both trial and on direct appeal and also the [state's] failure to disclose material exculpatory evidence [which is] a *Brady* violation." Pitts submits his trial and appellate counsel were unprepared, which prejudiced him, and he was "tried before a judge who failed to disclose his personal relationship to [Pitts]."

{¶ 14} As to trial counsel, Pitts contends he told counsel he wanted "to be present at all critical stages and proceedings of his case and trial due to its seriousness," and he wanted "complete discovery evidence against him," yet Pitts did not attend an in-chambers conference, and only learned of it in May 2022. Further, Pitts argues his brother worked directly with the trial judge for years, so trial counsel said a change of venue would be explored, but counsel failed to meet his ethical duties. Pitts submits his defense counsel "only visited * * * for a few minutes around 5 times in the 1 year and 5 months [Pitts] was in custody," and the trial court was prejudiced against him.

{¶ 15} Pitts asserts his appellate counsel "fell below [the Constitutional] standards as to filing a brief without contacting the client and investigating optional claims. [Pitts] was unavoidably prevented from discovering this material evidence."

{¶ 16} Concerning the untimely filed petition, Pitts claims this occurred because "[a]part from the challenges in arranging his Petition [Pitts] depended on the prison staff

5.

to deliver his incoming/outgoing mail while receiving evidence to apply to his stance and when sending his legal mail to the courts." Pitts maintains that he "has experienced prejudice in this process and case when he mailed his Petition well before the time prescribed by R.C. 2953.21(A)(2) had expired. Of no fault in his control did he intend a late filing." Further, Pitts believes the record will show that but for the alleged constitutional deprivations, no reasonable fact finder would have found him guilty.

**Arguments in Support of Second Assignment of Error**

{¶ 17} Pitts argues there are several exceptions to the application of the doctrine of res judicata to a petition for post-conviction relief where ineffective assistance of counsel is claimed. Pitts contends the issues set forth in his petition cannot be determined by looking at the court record, as his allegations primarily concern out-of-court discussions between him and his counsel. Pitts asserts his claims that his trial counsel and appellate counsel "were both ineffective barres [sic] res judicata." Pitts insists that in his case, "he did not discover the in-chambers conference existence until he received the transcripts * * * on May 19, 2022. So he was unavoidably prevented from discovering the evidence presented in his Petition." Pitts also submits his trial counsel advised him "'if he spoke up in Court that he would be returned to his jail cell and trial would pursue [sic] without him.'"

**Law**

{¶ 18} Post-conviction relief provides a remedy for offenders who seek to collaterally attack their criminal convictions based on claimed violations of their constitutional rights. *State v. Parker*, 157 Ohio St.3d 460, 2019-Ohio-3848, 137 N.E.3d 6.

1151, ¶ 37. R.C. 2953.21 through R.C. 2953.23 are the statutes which govern post-conviction relief.

**Timeliness/Hearing**

{¶ 19} R.C. 2953.21(A)(2)(a) provides a petition "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." However, a delayed petition may be filed if the provisions in R.C. 2953.23(A)(1)(a) and (b) are satisfied:

> (a) Either the petitioner shows that the petitioner was unavoidably
>
> prevented from discovery of the facts upon which the petitioner must rely
>
> to present the claim for relief, or, subsequent to the period prescribed in
>
> division (A)(2) of section 2953.21 of the Revised Code * * * the United
>
> States Supreme Court recognized a new federal or state right that applies
>
> retroactively to persons in the petitioner's situation, and the petition asserts
>
> a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for
>
> constitutional error at trial, no reasonable factfinder would have found the
>
> petitioner guilty of the offense of which the petitioner was convicted * * *.

In *State ex rel. Tyler v. Alexander*, 52 Ohio St.3d 84, 85, 555 N.E.2d 966 (1990), the Supreme Court of Ohio held that a filing is only timely if it is filed with the court clerk within the appropriate time limit. The court also held that prison authorities do not represent the court for filing purposes. *Id.*

7.

{¶ 20} Moreover, when a petition for post-conviction relief is not timely filed, and the exceptions for delay set forth in R.C. 2953.23(A)(1)(a) and (b) are not satisfied, the trial court lacks jurisdiction to entertain the merits of the petition or hold a hearing. *State v. Bird*, 138 Ohio App.3d 400, 408, 741 N.E.2d 560 (10th Dist. 2000).

**Res Judicata**

{¶ 21} Post-conviction review is a narrow remedy, and res judicata bars any claims that were or could have been raised at trial or on direct appeal. *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994).

**Standard on Review**

{¶ 22} Whether a trial court possesses subject-matter jurisdiction to entertain an untimely petition for postconviction relief is a question of law which we review de novo. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 24.

**Analysis**

{¶ 23} Upon review, we find Pitts' petition for post-conviction relief was not timely filed. The record shows the trial transcripts in Pitts' direct appeal were filed on August 2, 2021, and pursuant to R.C. 2953.21(A)(2)(a), Pitts was required to file his petition no later than 365 days thereafter, which would have been by August 2, 2022. Pitts filed his petition on August 3, 2022, one day outside of the 365-day window. Pitts concedes his petition was untimely, but he blames the late filing on prison officials. We find Pitts' explanation is not a valid basis for excusing an untimely filing.

{¶ 24} We further find Pitts, in his petition, did not demonstrate that he was unavoidably prevented from discovering the facts on which he relies to present his claims

8.

for relief. The majority of Pitts' arguments are based on facts contained within the record, which were discoverable at the time of trial or his direct appeal. Pitts' remaining arguments are premised on speculation and unsupported allegations, which do not establish that he relied on any facts which he was unavoidably prevented from discovering. Furthermore, Pitts made no assertion that a new retroactive federal or state right, recognized by the Supreme Court of the United States, applied to him.

{¶ 25} We therefore find Pitts did not satisfy the exceptions in R.C. 2953.23(A)(1)(a), to justify the untimely filing of his petition for post-conviction relief, and his failure in this regard jurisdictionally barred his petition. As such, we need not address the exception set forth in R.C. 2953.23(A)(1)(b).

{¶ 26} In conclusion, we find the trial court did not err in dismissing Pitts' untimely petition for post-conviction relief, nor did the trial court err by not holding a hearing, as the trial court lacked jurisdiction to do so. Accordingly, we find Pitts' first and second assignments of error are not well-taken.

{¶ 27} On consideration whereof, the October 10, 2022 judgment of the Ottawa County Court of Common Pleas is affirmed. Pitts is ordered to pay the costs of this appeal pursuant to App.R. 24(A)(4).

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.                                 _____
                                                                       JUDGE

Myron C. Duhart, P.J.                             _____
                                                                      JUDGE

Charles E. Sulek, J.                               _____
CONCUR.                                                                       JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.