**[Cite as *State v. Pitts*, 2025-Ohio-266.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                          Court of Appeals No. OT-24-018

        Appellee                  Trial Court No. 2020-CR-014

v.

Jeremiah Pitts                   **DECISION AND JUDGMENT**

        Appellant              Decided:  January 24, 2025

* * * * *

Jeremiah Pitts, pro se.

* * * * *

**DUHART, J.**

{¶ 1} This is a pro se appeal filed by appellant, Jeremiah Pitts, from the April 18, 2024 judgment of the Ottawa County Court of Common Pleas which denied Pitts' motion requesting the return of a cell phone. For the reasons that follow, we affirm the trial court's decision.

## Assignment of Error

The trial court erred and abused its discretion in denying [Pitts']

*Motion to Return Personal Property* without holding an evidentiary hearing

where oral arguments could be made when [sic] he showed his cell phone

was illegally seized during a warrantless search and seizure and unlawfully

extracted evidence was unconstitutionally entered at his trial.

## Background

{¶ 2} We will limit our discussion of the facts to those relevant to the instant

appeal. A more in-depth factual discussion can be found at *State v. Pitts*, 2022-Ohio-643

(6th Dist.).

{¶ 3} After a jury trial concerning the overdose death of M.M. caused by fentanyl

alleged to have been sold to her by Pitts, Pitts was found guilty of one count of corrupting

another with drugs in violation of R.C. 2925.02(A)(3)(C)(1)(a), a felony of the second

degree (Count One) and one count of involuntary manslaughter in violation of R.C.

2903.04(A)(C), a felony of the first degree (Count Two). The trial court merged the two

counts and the State elected to proceed on the involuntary manslaughter count. Pitts was

then sentenced to a minimum prison term of 10 years and a maximum term of 15 years.

{¶ 4} Pitts appealed to this court, arguing that his conviction was against the

manifest weight of the evidence and that evidence was admitted in violation of Evid.R.

2.

404(B). We affirmed the trial court's judgment. Pitts appealed to the Ohio Supreme Court, but the Supreme Court declined jurisdiction.

{¶ 5} Pitts filed an application to reopen his appeal on May 31, 2022, which we denied, but remanded for the issuance of a nunc pro tunc entry.

{¶ 6} Pitts later filed a petition for post-conviction relief on August 3, 2022, arguing ineffective assistance of counsel and a failure by the State to disclose material exculpatory evidence. Included in Pitts' arguments were claims that "the prosecutor used evidence against him [(Pitts' cell phone)] … which was unconstitutionally and illegally seized from [Pitts'] person," and that trial counsel failed to suppress such evidence. This motion was denied by the trial court both because it was untimely and because the claims raised were barred by the doctrine of res judicata. We affirmed the trial court's judgment. *State v. Pitts*, 2023-Ohio-3545 (6th Dist.). Pitts appealed that decision to the Ohio Supreme Court, and the Supreme Court declined jurisdiction.

{¶ 7} On November 4, 2022, Pitts filed a motion requesting leave to file a motion for new trial, which the trial court denied. Pitts appealed this denial, which was dismissed as it was not timely filed. A second motion requesting leave to file a delayed motion for new trial on the basis of newly discovered evidence was filed on February 5, 2024. The trial court denied this request, Pitts appealed that decision to this court, and that appeal is still pending.

3.

**{¶ 8}** On March 28, 2024, Pitts filed a motion requesting the return of his cell phone, which he claimed had been illegally seized, arguing that "information ha[d] been extracted from [the] phone, and used during trial, thus the cell phone … ha[d] no further relevance to the charge against him." The State did not oppose the motion, and the trial court denied that motion on the basis that "the cell phone is relevant evidence in … pending appeals cases."

**{¶ 9}** Pitts appealed that decision to this court. It is that decision we consider here.

## Analysis

**{¶ 10}** The vast majority of Pitts' brief discussed alleged errors he believes were made in the original trial, including that the cell phone was illegally seized, that any information collected from the cell phone should have been suppressed due to the illegal seizure, and that "improper evidence was admitted." He also argues that his trial attorney was ineffective for failing to raise these issues at trial as well as, inter alia, for failing to properly review the evidence "illegally extracted" from the cell phone, for failing to call certain witnesses, and for failing to make certain arguments and objections. The State did not file a brief responding to Pitts' arguments.

**{¶ 11}** We find that many of Pitts' arguments are not relevant to the issue on appeal – whether the trial court erred in denying his motion for the return of his cell phone. Moreover, his claims relating to the allegedly illegal seizure of the cell phone are barred by the doctrine of res judicata. Under the doctrine of res judicata, "a final

judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any [claim] that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Blanton*, 2022-Ohio-3985, ¶ 25, quoting *State v. Perry*, 10 Ohio St.2d 175, 180 (1967). As Pitts' arguments are based upon information that was known to him at trial and could have been raised at that time or on appeal, they are barred by res judicata.

{¶ 12} In addition to the above arguments, Pitts contends that the information has been extracted from his cell phone and thus, the cell phone has no further relevance to his case. In a previous case, in which we upheld a trial court's decision denying a motion to return property, we stated that "where the 'appellant continues to challenge the validity of his convictions, there is a possibility that the seized property might need to be used as evidence in a future retrial.'" *State v. Walls*, 2018-Ohio-329, ¶ 78 (6th Dist.), quoting *State v. Rivera*, 2014-Ohio-742, ¶ 8 (6th Dist.). Here, Pitts has filed numerous challenges to his convictions, the latest of which is still before us on appeal. Thus, we do not find error in the trial court's denial of his motion.

5.

**Conclusion**

**{¶ 13}** The judgment of the Ottawa County Court of Common Pleas is affirmed.

Pursuant to App.R. 24, Pitts is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.        _____
                                               JUDGE

Gene A. Zmuda, J.          

                                   _____

Myron C. Duhart, J.                                JUDGE
CONCUR.

                                   _____
                                                 JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.