[Cite as *State v. Plassman*, 2025-Ohio-5557.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

State of Ohio                                           Court of Appeals No. F-24-010

      Appellee                                       Trial Court No. 92CR000105

v.

Todd Plassman                                    **DECISION AND JUDGMENT**

      Appellant                                     Decided: December 12, 2025

* * * * *

T. Luke Jones, Esq., Fulton County Prosecutor and
Allma-Tadema Miller, Assistant Prosecuting Attorney, for appellee.

Todd Plassman, appellant, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} The facts of this case are summarized in our 1997 decision which we will repeat. On November 9, 1992, appellant, Todd Plassman, was indicted on eight felony counts; a separate indictment on another count was also issued. The indictments stemmed from incidents occurring on November 5, 1992. On that date, a police officer was

dispatched to a disturbance at the home of appellant's in-laws. Appellant, who was intoxicated, refused to leave his in-law's premises. As a result, appellant was arrested, handcuffed, and placed in the rear seat of the police cruiser. While the police officer was inside the residence, appellant crawled through an open rear window of the cruiser, got into the front seat, and then drove away. Other patrol cars were dispatched to pursue appellant. During the pursuit, officers requested appellant to pull over. However, he refused to stop, even after colliding with another cruiser which attempted to block his path. Police finally succeeded in apprehending and arresting appellant when he stopped the cruiser in front of his father's house.

{¶ 2} On February 3, 1993, pursuant to plea bargain negotiations, appellant pled guilty to: failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(A); unauthorized use of a motor vehicle in violation of R.C. 2913.03(A); and two counts of vandalism in violation of R.C. 2902.05(B)(2). The remaining counts were nolled by the state.

{¶ 3} With respect to the Vandalism Counts referred to by appellant, the trial court ultimately sentenced to an indefinite sentence of two to five (2-5) years for the offense of Vandalism, in violation of R.C. 2909.05(B)(2), a felony of the fourth degree, with specifications, as charged in Count IV of the Indictment and to an indefinite sentence of two to five (2-5) years for the offense of Vandalism, in violation of R.C. 2909.05(B)(2), a felony of the fourth degree, with specifications, as charged in Count VI of the Indictment.

2.

The sentences were to be served consecutively to one another, beginning with the sentence for the unauthorized use of a motor vehicle.

{¶ 4} Appellant never undertook a direct appeal of these convictions and sentences. In October 1995, appellant sought leave to file a delayed appeal. However, we denied appellant's request on the basis that Crim.R. 11 does not require a trial court to advise a defendant of the right to appeal prior to accepting a guilty plea. *See State v. Plassman,* Fulton App. No. F-95-025, (6th Dist. Nov. 1, 1995). Although we certified this decision as being in conflict with other state appellate districts, the Supreme Court of Ohio ultimately found no conflict and dismissed the case. *See State v. Plassman*, 75 Ohio St.3d 1409 (1996). *State v. Plassman*, 1997 WL 133348, *1–2 (6th Dist. Mar. 21, 1997).

{¶ 5} Over thirty-one years after entering his guilty plea, Plassman filed a "Motion to Correct Illegal/Void Sentence on October 15, 2024.

In his motion he argued that the trial court "acted without subject-matter jurisdiction when it imposed indefinite sentences of 2 to 5 years for two counts of vandalism in the indictment when the counts charging the defendant did not contain a specification pursuant to the requirements of R.C. 2941.143.

{¶ 6} The trial court denied the motion and found "A review of the indictment and the judgment entry of conviction reveal that the requisite specifications were present and that the defendant entered a plea of guilty to those specifications."

{¶ 7} Plassman presents a single assignment of error for our review:

THE TRIAL COURT ERRED WHEN IT DENIED APPELLANTS

3.

MOTION TO CORRECT THE ILLEGAL/VOID SENTENCE

{¶ 8} Appellant offers the same arguments that he presented to the trial court, namely that the indictment was defective and therefore the trial court lacked jurisdiction to impose sentence. Plassman argues that a void sentence can be attacked anytime. However, no matter how he characterizes his petition, it is a successive post-conviction petition that presents an attack on the indictment itself.

{¶ 9} The question whether a court of common pleas possesses subject-matter jurisdiction to entertain an untimely or successive petition for postconviction relief is a question of law, which appellate courts review de novo. *State v. Apanovitch*, 2018-Ohio-4744, ¶ 24.

{¶ 10} R.C. 2953.23 governs the filing of a post-conviction petition like the one filed by appellant herein. That section states:

> (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
>
> (1) Both of the following apply:
> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

4.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.  R.C. § 2953.23.

{¶ 11} The Supreme Court of Ohio has held that a petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition. *State v. Pitts*, 2023-Ohio-3545, ¶ 22 (6th Dist.), *appeal not allowed,* 2024-Ohio-1386, citing *Apanovitch* at ¶ 24.

{¶ 12} Appellant has not met his burden in establishing either element required by R.C. 2953.23 that would permit the trial court to consider his petition. Therefore, we find that appellant's post-conviction relief petition was untimely and the trial court properly denied his petition.

{¶ 13} As we held in his second post-conviction petition filed in 1997, although the trial court also considered the merits of appellant's petition in this instance, such consideration was not proper under R.C. 2953.23. Accordingly, we find appellant's assignment of error not well-taken. *Plassman*, 1997 WL 679544, at *2 (6th Dist.), citing *State v. Kinion* (Sep. 30, 1997), 6th Dist. No. WD-97-026.

{¶ 14} On consideration whereof, the judgment of the Fulton County Court of Common Pleas is affirmed.  Appellant is ordered to pay the court costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Gene A. Zmuda, J.

_____
JUDGE

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.