[Cite as *State v. Shirilla*, 2026-Ohio-830.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                      :

                                    No. 115101

    v.                                           :

MACKENZIE SHIRILLA,                       :

    Defendant-Appellant.                     :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 12, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-679612-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tim Troup, Allison McGrath, and Anthony T. Miranda, Assistant Prosecuting Attorneys, *for appellee*.

Friedman, Nemecek, Long & Grant L.L.C. and Eric C. Nemecek, *for appellant*.

ANITA LASTER MAYS, J.:

{¶ 1} Defendant-appellant Mackenzie Shirilla ("Shirilla") appeals from the trial court's entry dismissing her petition for postconviction relief as untimely. For the reasons that follow, we affirm the trial court's decision.

## I. STATEMENT OF THE CASE AND FACTS

{¶ 2} The underlying convictions stem from a high-speed automobile collision on July 31, 2022, in Strongsville, Ohio. Shirilla, then 17 years old, drove her vehicle at speeds reaching 100 miles per hour before striking a brick building, resulting in the deaths of her two passengers.

{¶ 3} Following a bindover hearing in juvenile court and a subsequent bench trial in the court of common pleas, Shirilla was convicted of four counts of murder, four counts of felonious assault, and two counts of aggravated vehicular homicide. She was sentenced to an aggregate term of 15 years to life in prison. This court affirmed her convictions on direct appeal in *State v. Shirilla*, 2024-Ohio-4674 (8th Dist.).

{¶ 4} During that direct appeal, the trial transcripts were filed on October 23, 2023. Transcripts from the juvenile court bindover proceedings were filed later, on December 15, 2023.

{¶ 5} On October 24, 2024, Shirilla filed a petition for postconviction relief under R.C. 2953.21. In the direct appeal, the clerk docketed the criminal-trial transcripts as filed on October 24, 2023. The trial court dismissed the petition as time-barred on May 1, 2025, concluding it was filed one day past the 365-day jurisdictional deadline.

## II. ASSIGNMENTS OF ERROR

{¶ 6} Shirilla raises the following assignments of error for our review:

## Assignment of Error 1

The trial court erred when it concluded that the petition to vacate or set aside convictions was untimely.

## Assignment of Error 2

Any error in calculating the deadline for filing the petition to vacate or set aside the convictions should be excused.

## III. STANDARD OF REVIEW

{¶ 7} Whether a trial court has subject-matter jurisdiction to adjudicate an untimely postconviction petition is a question of law, which this court reviews de novo. *State v. Kennedy*, 2024-Ohio-66, ¶ 30 (8th Dist.). Under this standard, we provide a fresh review of the jurisdictional timeline without deference to the lower court's legal conclusions. *Id.*

## IV. LAW AND ANALYSIS

{¶ 8} R.C. 2953.21(A)(2)(a) requires a petition for postconviction relief to be filed no later than 365 days after the date the trial transcript is filed in the court of appeals in the direct appeal. *State v. Johnson*, 2024-Ohio-134, ¶ 9. The Supreme Court of Ohio has reiterated that this deadline is jurisdictional, and an untimely petition may be entertained only if the petitioner satisfies R.C. 2953.23. *State v. Parker*, 2019-Ohio-3848, ¶ 18-19.

### A. The "Trial Transcript" Trigger

{¶ 9} In Shirilla's first assignment of error, she contends that the trial court erred when it concluded that the petition to vacate or set aside convictions were untimely. Shirilla argues the 365-day clock did not begin until December 15, 2023,

when the juvenile bindover transcripts were filed. The State, conversely, maintains that the clock was triggered on October 24, 2023, the date the clerk noted on the docket that the trial transcripts from the criminal trial were filed. The State argues that a "trial" is a proceeding to determine guilt or innocence, and therefore, a juvenile probable cause hearing does not fall under the statutory definition of a trial.

{¶ 10} Even assuming, without deciding, that Shirilla preserved her timeliness theories for appellate review, Shirilla's petition remains untimely under R.C. 2953.21(A)(2)(a) and Shirilla does not satisfy the jurisdictional exceptions in R.C. 2953.23(A). Under R.C. 2953.23(A)(1), the court may consider such a petition only if the petitioner shows both that the petitioner was unavoidably prevented from discovering the facts supporting the claim, or that a new, retroactively applicable right was recognized after the filing deadline or a prior petition, and that, but for a constitutional error, no reasonable factfinder would have found the petitioner guilty or, in a capital case, eligible for the death penalty. Under R.C. 2953.23(A)(2), the court may also consider an untimely or successive petition where postconviction DNA testing, evaluated with all other admissible evidence, establishes by clear and convincing evidence the petitioner's actual innocence of the offense or, in a death-penalty case, of the aggravating circumstance supporting the sentence.

{¶ 11} Turning to the merits, the record reflects the trigger date was October 24, 2023, and the deadline for the postconviction relief petition was October 23, 2024. The Ohio Supreme Court reiterated that the deadline for filing a postconviction petition is tied to the filing of the trial transcript in the direct appeal

and that untimely petitions are barred unless the petitioner satisfies the exceptions under R.C. 2953.23. *Johnson*, 2024-Ohio-134, at ¶ 9. Similarly, in *Parker*, the Court emphasized that the 365-day period begins upon the filing of the trial transcript in the direct appeal or, if no appeal is taken, upon the expiration of the time for filing an appeal. *Parker*, 2019-Ohio-3848, at ¶ 18.

{¶ 12} R.C. 2953.21(A)(2)(a) requires that a petition for postconviction relief "be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." In computing that 365-day period, Ohio's general computation-of-time statute applies. Under R.C. 1.14, when a period of time is expressed in days, "the day of the act, event, or default from which the designated period of time begins to run shall not be included," but "the last day of the period shall be included," unless it falls on a day the public office is closed, in which case the period extends to the next day the office is open.

{¶ 13} Accordingly, putting aside Shirilla's contention that the calculation was altered because 2024 was a leap year, the 365-day deadline is determined by excluding the transcript-filed date and counting forward 365 days, including the final day.

{¶ 14} The statutory deadline is jurisdictional, meaning that a trial court lacks subject-matter jurisdiction to entertain an untimely petition unless specific exceptions under R.C. 2953.23 apply. *Johnson*, 2024-Ohio-134, at ¶ 10; *State v. Pitts*, 2023-Ohio-3545, ¶ 23-24 (6th Dist.).

{¶ 15} R.C. 2953.21(A)(2)(a) specifically refers to the "trial transcript," not the complete appellate record or supplemental transcripts. Under the customary meaning of the words (or phrase) a "trial transcript" refers to the record of the adjudicatory proceeding in which guilt was determined. *State v. Everette*, 2011-Ohio-2856, ¶ 30. A juvenile probable cause hearing is a "preliminary, non-adjudicatory proceeding" and does not constitute a "trial" for purposes of R.C. 2953.21. *State v. Courts*, 2022-Ohio-690, ¶ 19 (8th Dist.). Ohio courts have consistently held that the filing of transcripts from proceedings other than the trial, such as suppression hearings, pretrial hearings, or sentencing hearings, does not extend the 365-day deadline. *E.g., State v. Durham*, 2012-Ohio-4165, ¶ 5 (8th Dist.). Shirilla points to *State v. Barker*, 2016-Ohio-8476 (1st Dist.), to suggest that a "complete transcript" consisting of multiple parts may delay the start of the 365-day clock until the final portion is filed. However, *Barker* is fundamentally distinguishable from the present matter.

{¶ 16} In *Barker*, the defendant was convicted following the entry of guilty or no contest pleas, meaning there was no "trial" and, consequently, no "trial transcript" to trigger the statute. Because the appeal in that case derived from a plea rather than a trial, the First District found it necessary to look toward the filing of transcripts that were "objectively necessary" to the record to determine the triggering date.

{¶ 17} Here, Shirilla was convicted following a trial. Unlike the scenario in *Barker*, there exists a definitive "trial transcript" for this case, which was filed and

noted on the docket by October 24, 2023. The First District distinguished its holding in *Barker* from cases that "derived from convictions following a trial," acknowledging that other districts "insist on a strict reading of the phrase 'trial transcript'" in such instances. Because a trial occurred here, and Shirilla did not seek leave to supplement the transcripts, the specific "trial transcript" controls the jurisdictional clock, rendering the supplemental juvenile bindover transcripts irrelevant for the purpose of the R.C. 2953.21 deadline.

### B. The Leap Year Calculation

{¶ 18} Having established October 24, 2023, as the triggering date, we must address the impact of the 2024 leap year. Shirilla argues that the "anniversary date" of a triggering event should control the deadline, effectively providing 366 days for filing during a leap year.

{¶ 19} This argument is misplaced because of a fundamental difference in statutory construction. The General Assembly frequently employs the term "one year" in other contexts to imply a calendar-year period terminating on the same anniversary date regardless of an intervening leap day. *See Schon v. Natl. Tea Co.*, 19 Ohio App.2d 222 (7th Dist. 1969). In those cases, the computation of time should align with the anniversary date, not the number of days elapsed. *Crump v. Batie*, 2013-Ohio-2345, ¶ 13 (2d Dist.). A "year" terminates on the same anniversary date, even in a leap year. The court emphasized that the computation of time should align with the anniversary date, not the number of days elapsed.

{¶ 20} However, R.C. 2953.21(A)(2)(a) uses the specific term of "three hundred sixty-five days." "[O]hio law is clear that PCR petitions must be filed within 365 days after the trial transcript is filed in the court of appeals, not on the date's 'one year anniversary.'" *State v. Long*, 2021-Ohio-3651, ¶ 21 (12th Dist.). In a leap year, the 365th day falls one calendar day prior to the anniversary of the triggering event.

{¶ 21} Because the statute prescribes a deadline in days, not years, the court must apply the 365-day count as written. *See* R.C. 1.14; *Pitts*, 2023-Ohio-3545, at ¶ 20 (6th Dist.). Counting from October 24, 2023, the 365th day fell on October 23, 2024. Shirilla filed her petition on October 24, 2024, and the petition was therefore untimely.

## C. Jurisdictional Bar and Equitable Tolling

{¶ 22} Because the trial court lacked subject-matter jurisdiction to entertain the untimely petition, we need not address whether Shirilla waived any of her timeliness arguments.

{¶ 23} In Shirilla's second assignment of error, she argues that any error in calculating the deadline for filing the petition to vacate or set aside the convictions should be excused under principles of equitable tolling or in the interests of justice. This argument is not well taken.

{¶ 24} Shirilla seeks equitable tolling based on "excusable ignorance" and the "confused state of the law" regarding leap years, citing federal habeas cases to support this equitable authority. Shirilla's reliance on federal habeas equitable

tolling principles applicable in federal habeas proceedings do not apply to petitions for postconviction relief governed by R.C. 2953.21 and 2953.23. *See Johnson*, 2024-Ohio-134, at ¶ 9-10; *State v. Apanovitch*, 2018-Ohio-4744, ¶ 36. Ohio courts have consistently held that a trial court lacks jurisdiction to adjudicate an untimely petition unless the petitioner satisfies one of the exceptions set forth in R.C. 2953.23. These exceptions require the petitioner to demonstrate either that they were unavoidably prevented from discovering the facts necessary to present their claim or that a new federal or state right recognized by the United States Supreme Court applies retroactively to their case.

{¶ 25} Equitable arguments generally cannot overcome clear jurisdictional requirements established by the General Assembly. *State v. Hundley*, 2023-Ohio-2571, ¶ 14-16 (7th Dist.). There is no constitutional right to a petition for postconviction relief; the only rights afforded to a defendant in a postconviction proceeding are those specifically granted by the legislature. *State v. Garrett,* 2024-Ohio-1367, ¶ 10-11 (8th Dist.)*,* citing *State v. Rackley*, 2015-Ohio-4504, ¶ 10 (8th Dist.). R.C. 2953.23(A) provides two exceptions to the strict statutory time limit. *State v. Borecky*, 2020-Ohio-3697, ¶ 24 (11th Dist.).

{¶ 26} The first requires a petitioner to show, in part, that his or her claim is based on a newly recognized federal or state right that arose after the time limit. R.C. 2953.23(A)(1). *Id.* The second exception allows a petitioner to file an untimely postconviction appeal if there are new DNA results in the case. R.C. 2953.23(A)(2).

{¶ 27} Additionally, the petitioner must also show by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found her guilty. R.C. 2953.23. Absent satisfaction of these statutory exceptions, the trial court must dismiss the petition for lack of jurisdiction. R.C. 2953.23.

{¶ 28} Here, Shirilla does not contend that she was unavoidably prevented from discovering the facts upon which her claim relies, nor does she assert a newly recognized retroactive constitutional right. Likewise, she does not satisfy the DNA-based actual-innocence exception under R.C. 2953.23(A)(2). Because none of the statutory exceptions apply, the trial court lacked subject-matter jurisdiction to consider the untimely petition, regardless of any alleged mistake in calculating the deadline or generalized appeals to fairness.

## V. CONCLUSION

{¶ 29} Because the filing of a postconviction petition is a jurisdictional act, and the exceptions for delay set forth in R.C. 2953.23(A)(1)(a) and (b) are not satisfied, the trial court lacks the authority to apply equitable tolling to excuse even a one-day delay. Shirilla's postconviction relief petition was filed on the 366th day following the filing of her trial transcript. Accordingly, we find that the trial court correctly determined it was without jurisdiction to consider the petition.

{¶ 30} Finding no error in the trial court's application of the jurisdictional 365-day mandate, both assignments of error are overruled.

{¶ 31} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MICHAEL JOHN RYAN, P.J., and
EILEEN A. GALLAGHER, J., CONCUR